DOLAN, DRURY & COMPANY v. J. M. WILKERSON *et al.*
### No. 9285.

1. RECORDS OF PRIVATE CORPORATION — *not evidence in its favor against stranger unless so provided by statute.* The records and minutes of proceedings of a private corporation are not competent evidence to establish a right of the corporation against a stranger, and especially in an action to which the corporation is not a party.

2. ATTACHMENT — *levy made and relinquished, subsequent levy may be made before return day.* The fact that an officer, in whose hands a writ of attachment was placed, declared that he levied on some property, and at once relinquished any claim by reason of the levy, did not prevent him from making a levy under the same writ on property of the defendant at any time before the actual return of the writ.

3. ———— *an indorsement of such relinquished levy does not affect competency of return as proof of subsequent levy.* A memorandum of the ineffectual levy indorsed upon the writ is immaterial, and will not render the writ and return incompetent as evidence in an action involving the validity of the attachment.

*Error from Shawnee Circuit Court.*
*Hon. J. B. Johnson, Judge.*

AFFIRMED.                                    OPINION FILED MARCH 6, 1897.

*Waggener, Horton & Orr*, for plaintiffs in error.

*David Overmyer, Quinton & Quinton* and *Frank Herald*, for defendants in error.

JOHNSTON, J.   This is a controversy over a stock of merchandise, between the mortgage, and attaching, creditors of John P. Cole.   For many years he carried on a grocery business in Topeka, sometimes carrying a stock worth $50,000; and the volume of business transacted by him for a great part of the time was very large.   He purchased goods upon credit, and became largely indebted to the jobbers from whom he purchased, as well as to others.   In 1891, his stock

had dwindled in value to $7,000 or $8,000, and he was then financially embarrassed and actually in an insolvent condition. A number of actions had been begun against him by his creditors, and, after some of these actions were begun, and on August 11, 1891, he undertook, in connection with his wife and three of his clerks, to organize a corporation, under the name of the John P. Cole Grocery Company. He claims to have transferred his entire stock of goods, together with the unsettled accounts, to this Company, for the alleged consideration of indebtedness to his wife and clerks and the assumption by the Company of what he called his mercantile debts. He received no money from any of the parties at the time of the transfer, nor yet the promise of any. Five thousand dollars of the stock of the Company was given to his wife, $1,500 to one of the clerks, and $200 each to two other clerks ; and he retained $1,500 of the stock himself. He claimed that he was owing his wife $5,000 for borrowed money, and that he was also owing one of his clerks $1,500, the face value of the stock issued to him. On October 13, 1891, attachment proceedings were begun, and a levy was made upon the stock of goods as the property of John P. Cole. Dolan, Drury & Co. had a large claim against Cole, and, learning of the attachments and of his trouble, they came to Topeka, and, on October 19, 1891, obtained a mortgage upon the attached goods, executed by the Company. The property was then in the custody of the Sheriff under the attachments, and on the following day they commenced this action to recover possession of the goods.

The claim of the attaching creditors is that the transfer was not an honest or valid transaction, but was done for the purpose of hindering and delaying

creditors of John P. Cole ; and that the property seized was in fact the property of Cole.   The jury found that the transfer was fraudulent, that Cole was not indebted to his wife, and that there was no evidence of indebtedness to his clerks who joined him and his wife in the organization, except that he appeared to owe about $25 each to two of them ; that the Company did not assume to pay the mercantile debts of Cole ; and the jury further found that plaintiffs in error knew the character of the transfer and the fraudulent purpose of the parties to the same.   There is considerable testimony in the record which tends to impeach the *bona fides* of the transaction, and, while the testimony is conflicting, we have no difficulty in saying that it fairly tends to support the findings of the jury.   It is true, as plaintiffs contend, that Cole was at liberty to prefer creditors, and might have transferred ·his property to others with a view of accomplishing that purpose ; the jury have found, however, and not without evidence, that this was not the purpose of Cole, and that it was in fact done to cheat, hinder and delay his creditors.

It is next contended that error was committed in withdrawing from the jury the records and minutes of the meetings of the directors and stockholders of the John P. Cole Grocery Company.   Included in these minutes, was the proposition made by Cole to the Company for the transfer of the stock of groceries upon the considerations heretofore mentioned, and the acceptance of the same by the Company.   The records and minutes of the meetings appear to have been written out at length by a lawyer employed for that purpose, and signed by one of John P. Cole's clerks, who acted as secretary, and who did not see them written.   No error was committed in excluding this

testimony from the jury.  The Company, if legally
organized, was no more than a private trading cor-
poration.  Its books and records are under its own
control, and third persons are not chargeable with
knowledge of entries made therein.  Entries of the
character stricken out by the Court are of a self-serv-
1. Records of          ing character, and cannot be used to es-
private
corporation not   tablish the rights of the corporation
evidence, when.   against third parties.  While the en-
tries might be received in evidence in disputes be-
tween members of the corporation, or against the
corporation, they cannot be used in its favor unless
they are made competent by legislative enactment.
1 Greenleaf, Ev. § 493 ; 1 Wharton, Ev. § 662 ; Angell,
& Ames, Corp. § 679 ; *Commonwealth v. Woelper,* 3 S. &
R. ( Pa.) 29 ; *Wetherbee v. Baker,* 35 N. J. Eq. 501 ;
*Haynes v. Brown,* 36 N. H. 545.  Our attention is not
called to any statute which requires the admission of
the excluded evidence, but, on the contrary, we are
referred to a provision which, by implication, sus-
tains the ruling of the Court.  It is provided that
records of an incorporated company shall be compe-
tent evidence in an action or proceeding to which the
corporation may be a party.  ¶ 1199, Gen. Stat. 1889.
The corporation was not a party to the present action,
and therefore nothing could be claimed under this
provision.  The plaintiffs were not hampered in prov-
ing the transactions with the corporation.  The mem-
bers of the corporation were in court, or within its
jurisdiction, and testimony was freely given as to all
the transactions among them.

Complaint is made of amendments which the Sher-
iff was permitted to make, during the progress of the
trial in this action, in his return on the writ of at-
tachment upon which the goods were seized.  The

amendments were unimportant, and the action of the
Court furnishes no cause for reversal.  When the writ
of attachment was placed in the hands of the Sheriff,
he went to Cole's store and declared his purpose to
attach the stock of goods ; but, being informed that the
property was claimed by the Company, he demanded
from the attaching creditors an indemnifying bond;
and, as it was not promptly given, the Sheriff then
relinquished any claim to the goods.  Four days there-
after, and before the writ was returned, a legal levy
was made by the Sheriff, and on that levy the property
was claimed and held.  A memorandum of the decla-
ration of a purpose to attach, a demand for an indem-
nifying bond and the failure to furnish the same,
together with the relinquishment of the attachment,
which occurred on the day the writ was received by
the Sheriff, was indorsed upon the writ.  This indorse-
ment was stricken out by the Court, and of this plain-
tiffs complain.  It was not necessary for the Sheriff
to make this indorsement upon the writ, and it may be
regarded as surplusage.  The indorsement, however,
did not render the writ and the actual return thereon
incompetent as evidence.  The fact that the Sheriff
made an ineffectual attempt to levy upon
the property on the day the writ was re-
ceived, did not prevent him from making
an effectual levy four days later, and
while the writ was yet in his hands.  It was the duty
of the Sheriff to obey the command of the writ, and
to attach any property of the defendant Cole that he
might be able to find at any time before the writ was
actually returned by him to the Clerk.  An abortive
attempt to make a levy did not relieve the Sheriff from
that duty, nor did it destroy the validity of the writ
which he had in his hands.  The indorsement, to

2. Levy relin-
quished—subse-
quent levy may
be made before
return day.

3. Competency of return of subsequent levy not affected by indorsement of relinquished.

which objection was made, was immaterial, and, so far as the admission of any evidence of the writ and return is concerned, its presence was harmless. It is said that no amendments in the attachment proceedings could be made in the replevin action, but, as it was unnecessary to strike this indorsement from the writ, no error could be predicated on the action of the Court. The plaintiff in one of the attachment suits was Frank Herald, as guardian, and in his return the Sheriff omitted the word "guardian" from the designation of the plaintiff, and the Court permitted the Sheriff to amend, by adding the word "guardian," at the trial of this action. Under the Code full authority is given to the court to allow amendments to process either before or after judgment, and, as the plaintiff was properly designated in the writ, an amendment in the return to make it correspond with the writ would seem to be proper. Even if it may be deemed irregular to amend attachment process in the replevin action, it would not avail the plaintiffs in error here. It was an amendable defect, and therefore the writ and return cannot be held to be void ; and, without an amendment, they might have been received in evidence. Besides that, all the parties interested in the attachment appear to have been present in this litigation, and they can claim no prejudice by reason of the amendment. If any could complain of the amendments it would be the parties to the attachment proceedings who were not parties to this action ; and the plaintiffs in error in this proceeding cannot complain for them.

One of the appraisers in the attachment proceedings was permitted to sign the appraisement during the trial of this action ; but the absence of his name

did not affect the validity of the attachment, and the irregularity is immaterial.

We think no prejudicial error was committed by the court, and therefore the judgment will be affirmed.

All the Justices concurring.