THE GIRARD LIFE-INSURANCE, ANNUITY AND TRUST COMPANY, *etc.,* v. H. V. LOVING.

No. 14,157. (81 Pac. 200.)

SYLLABUS BY THE COURT.

CORPORATIONS—*Book Accounts Inadmissible to Prove Membership.* The entries in the account-books or other records of a corporation are not admissible in evidence against a party to prove that he is a stockholder in the corporation, unless accompanied by proof of authorization, assent, knowledge, and acquiescence, or other confirmatory conduct making the party privy to the entries.

Error from Sumner district court; CARROLL L. SWARTS, judge. Opinion filed June 10, 1905. Affirmed.

*James Lawrence,* for plaintiff in error.

*W. T. McBride,* and *James A. Ray,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: The purpose of the action in the district court was to charge the defendant as a stockholder in a defunct corporation. The court held that the fact of stock ownership had not been established. The plaintiff assigns as error the rejection of certain evidence which it claims would have supplied the missing proof had it been admitted.

The books from which certain entries were offered in evidence were wholly unidentified as to the purpose for which they had been kept. There is nothing to indicate that the entries offered in evidence were correct, or were made at or near the time of the transactions to which they relate, if they do relate to actual transactions, or that they were original in the sense that they constituted the first permanent record of the business to which they refer. The bookkeeper who made the entries was not called as a witness, and the evidence offered to account for his absence at the trial was not sufficient for that purpose. The only witness interrogated concerning the matter said, when asked if the bookkeeper resided in the county where the trial took place, that he did not know. If, therefore, the action had been one by the corporation itself to recover on an ordinary account with the defendant the preliminary proof necessary to lay a foundation for the introduction in evidence of its books of account is wanting.

But the book entries referred to were offered, not for the ordinary purpose of proving the state of an account, but to prove that the defendant was a stockholder in the corporation. No attempt was made to show that the defendant knew of the existence of such entries and had acquiesced in them, or had au-

thorized, sanctioned, confirmed or ratified them in any way, and no other circumstances were shown making the defendant privy to the entries. Therefore, the offer of proof must be condemned so much the more.

"If an instrument as solemn as a judgment cannot affect a stranger to it, how can one man make another man his debtor merely by marking him down as such in his own private books? And upon what principle can he put the stranger so marked down to the expense of defending a lawsuit in order to prove that he was marked down without his authority? . . .

"This brings us to consider the question to what extent the records of the corporation can be used as evidence in these actions. And here it ought to be observed in the first place that under no sound principles can such records be put in evidence to connect a stranger with the corporation—to prove that the particular defendant is a shareholder, unless he is shown to have been privy to them by other evidence. For it cannot possibly be admitted in a system of jurisprudence that pays attention to the ordinary maxims of justice, that I can make a stranger my debtor by merely writing down in my books a statement to the effect that he is my debtor and by signing his name to it. But as some courts, on a supposed principle of necessity, admit the books of a plaintiff as *prima facie* evidence of his account against a defendant sought to be charged in an action on an account, so some of the courts have fallen into the aberration of holding that the books and other records of the corporation may be given in evidence, in a proceeding to charge a stockholder, for the purpose of proving that he is a stockholder—which fact ought to be first proved by evidence *aliunde*, in order to lay a foundation for the introduction of the books and records in evidence against his objection. . . .

"The true principle is that, before the books of a corporation can be put in evidence against a person charged with liability as one of its members, his membership must be admitted, or established by evidence *aliunde*." (Thomp. Com. L. of Corp. §§ 1924, 3657, 7732.)

The case of *Bank v. Banking Co.*, 59 Kan. 716, 54 Pac. 1051, decided by this court in November, 1898,

is conclusive upon this subject, and is supported by the overwhelming weight of authority, whether of text-writers or decided cases. The syllabus reads:

"In proceedings instituted by a creditor of a corporation to charge another person with liability as one of the corporate shareholders, the books of the corporation, other than the stock-subscription book, if unsupported by other evidence, are inadmissible to prove membership in the company."

It should be noted that the stock-subscription book referred to in this syllabus is not a stock ledger or other account-book of the corporation recording business transactions relating to its stock, but it is a book described in the opinion as one in which a person "has entered his name as a subscriber for corporate shares."

The plaintiff was also denied the privilege of offering in evidence a so-called "transcript of the stock ledger" of the corporation containing the name of the defendant, and characters to denote twenty shares placed after it. This paper was not evidence as a certificate, under section 1309 of the General Statutes of 1901, because the corporation was not a party to the action (*Dolan v. Wilkerson*, 57 Kan. 758, 761, 48 Pac. 23); and a declaration by the corporation of what its stock ledger contained could scarcely be admitted as evidence to prove a fact when the stock ledger itself could not be accepted for the same purpose.

The oral evidence of the witness Bradley was palpably inadmissible.

The plaintiff made a further offer of proof, to which an objection was made and sustained, as follows:

"Mr. Lawrence: 'The plaintiff offers in evidence, as a part of the records and files in this case, the original case-made certified by a former judge of this court, and ordered to be made a part of the records of this case. I desire particularly to offer in evidence

the testimony of C. E. Trowbridge, the witness shown to be a non-resident of Kansas, found on pages 83 to 93, inclusive, of this record.'

"Mr. McBride: 'I object, as incompetent, irrelevant, and immaterial, and no sufficient foundation laid for the introduction of such testimony, and hearsay.'

"Which objection is by the court sustained; to which ruling of the court the plaintiff at the time duly excepted."

A case-made is not a part of the record of a cause, and the certificate of a trial judge that a case-made is correct as such has no force beyond the function assigned to it by the statute. It cannot take rank with the sworn evidence of the official stenographer, whose duty it is to take and reproduce testimony. The plaintiff in this case gives no excuse whatever for its failure to present the best evidence that the nature of the case permitted, and the objection to its offer was rightfully sustained.

Other assignments of error are without merit, and the judgment of the district court is affirmed.

All the Justices concurring.