No. 22,583.

JOHN Q. ROYCE, *Appellee,* v. THE FARMERS LIFE INSURANCE
COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

1. WRITTEN CONTRACT—*Compensation for Services—Continuing Contract
—Pleadings—Evidence.* The petition of the plaintiff herein examined,
and held to be sufficient to warrant a, recovery for the services ren-
dered by him to the defendant under a written contract which was
pleaded, and further that the allegations were sufficient to admit of
evidence that the parties treated the contract as a continuing one, and
justified a recovery for services rendered beyond the term specified in
the written contract.

2. SAME—*Evidence Supports the Judgment.* The evidence is held to be
sufficient to sustain the findings of the jury and the judgment of the
court.

3. SAME — *Evidence — Authority of Secretary of Defendant Company.*
Under the objection that was made, it is held that the questioned testi-
mony of statements and directions given by the secretary of the de-
fendant company, who was a director and member of the executive
committee of the company, as to plaintiff's employment, was ad-
missible.

4. SAME—*Certain Evidence Properly Admitted.* The admission of stubs
of checks which corresponded with the checks themselves that had al-
ready been received in evidence, was not error.

5. SAME—*Exclusion of Evidence.* No error was committed in excluding a
letter written by an officer of the defendant to its own attorneys re-
specting a pleading filed in the case.

6. SAME — *Self-serving Declarations.* Self-serving declarations in the
minutes of a private corporation are not admissible in its favor as
against third parties not privies to the entries.

Appeal from Sedgwick district court, division No. 1; RICH-
ARD E. BIRD, judge. Opinion filed July 10, 1920. Affirmed.

*R. R. Vermilion, Earle W. Evans, Joseph G. Carey, W. F.
Lilleston, W. E. Stanley,* and *Arnold C. Todd,* all of Wichita,
for the appellant; *H. A. Hicks,* of Denver, Colo., of counsel.

*C. A. Matson,* and *I. H. Stearns,* both of Wichita, for the
appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an action by John Q. Royce, to recover compensation for services rendered by him for the defendant, in which he obtained a judgment for $3,338.37, from which defendant appeals.

It appears that on April 1, 1914, the parties entered into a written contract under which plaintiff was employed for a term of one year as superintendent of agents. It was stipulated that he was to assist the general manager in managing and superintending agents and solicitors of insurance, subject always to the orders and instructions of J. A. O'Shaughnessy, the general manager, and also of the executive committee of the defendant company. It was recited that he was to devote all of his time and energies to the discharge of his duties, which were to be performed at the home office in Denver, except such as were to be performed in the field in the training and direction of agents. For his services he was to receive a salary of $3,000 per year payable in monthly installments of $250, and the company was also to pay his necessary expenses when he was on duty in the field. From April 1, 1914, to September of that year, plaintiff worked for the defendant in Colorado and received the stipulated compensation. About September 23, 1914, the defendant sent him to Kansas to assist in the purchase of smaller insurance companies and the transfer of their assets and business to the defendant company. At that time a question arose as to the compensation to be paid to him. It was alleged, and there was testimony tending to prove, that the officers of the defendant desired that the work should be done for a commission, but plaintiff told them that his circumstances would not permit him to take the chances of changing from a salary to a commission basis, and it was agreed that he should proceed with the work and should later determine whether he would take the salary or the commission, and subsequently he exercised the option and elected to take the salary. He continued with the defendant beyond the term named in the contract, and until September, 1915, when a dispute arose in the adjustment of his compensation. In his petition plaintiff asked to recover the salary stipulated in the contract, and in a second count he asked for the value of the

Royce v. Insurance Co.

services rendered, which was placed at the same amount claimed to be due as salary. The court, however, excluded proof under the *quantum meruit* count, and the recovery had was based on the salary fixed in the contract.

It is insisted by defendant that the amended petition did not warrant the admission of the testimony offered under it or the findings and the verdict that were rendered. It is said that the plaintiff pleaded a contract which stipulated for services to be performed in Colorado, and which by its terms expired on April 1, 1915, while the greater part of the services for which he recovered was rendered in Kansas, and that he was awarded compensation for a period much beyond the term fixed in the contract. It is also urged that the award was made upon a separate oral agreement not pleaded, which changed the character of his work, fixed a new field of operations, and allowed a recovery on the theory of an extension of the time of employment not alleged in the petition.

The pleading, though not as full and specific as it might have been made, did base plaintiff's claim upon the written contract of April 1, 1914. It did not allege in so many words an extension of the time of employment, but in effect it did state an extension, or rather that the work was continued under the written contract, in the allegation that the contract remained in full force and effect to the end of the service, and that he had complied with the letter and spirit of the contract and had performed the duties assigned to him by the defendant under the contract during the entire period of time he was at work for the company.

There was proof tending to sustain the theory of the plaintiff that while his duties were changed to some extent, they were performed under the contract and under the instructions and directions of the defendant. Also, that he was permitted to choose whether he would work under the contract for the specified salary or for a proposed commission, and that he elected to work for the salary fixed in the contract. There was sufficient evidence to show that the officers of the defendant stated and treated the contract as a continuing one, and that they proceeded on the theory that the life of the contract was extended. He continued to work for the defendant until September, 1915, and the defendant availed itself of the benefit of his services.

The fact that the duties performed by him differed to some extent from those specifically enumerated in the written contract, did not defeat a recovery, as the contract itself recognized that he was subject to the orders and instructions of the officers and the executive committee of the defendant. It is suggested that the plaintiff acted as an officer of the Anchor Insurance Company for a time and should look to that company for his compensation, but that was the company whose assets and business he was sent to Kansas to purchase, and he was acting for the defendant in that purchase, and all he did in that respect was done under the direction and for the benefit of the defendant, and therefore he had a right to look to it for the payment of his salary.

The holding that the pleading was sufficient to warrant a recovery upon the theory that the contract was a continuing one, and that the services for which the plaintiff sues were performed under it, disposes of a number of the objections raised by the defendant.

Complaint is made of the admission of the testimony to the effect that when the period named in the contract was about to expire, plaintiff called the attention of one Sabin, the secretary of the company, to the fact, and was then told by Sabin that the contract was a continuing one and to proceed with his work as before. It is now contended that Sabin had no authority to speak for or bind the company. He was not only the secretary but was a director of the company, and a member of the executive committee which directed its business. More than that, the defendant allowed the plaintiff to proceed with his work as if the contract was still in force. Furthermore, the objection made to the admission of the evidence was that the plaintiff was then serving under a new contract which had not been pleaded, and not that Sabin was without authority to bind the company by his action or direction. The exclusion of the testimony is not a ground for reversal.

Objection is also made as to the admission of certain stubs of checks that had been issued. It appears that these corresponded with checks that had been properly received in evidence, and even if they were not properly admitted, their reception is not deemed to be material error.

There was no error in excluding a letter written by the sec-

Royce v. Insurance Co.

retary of the company to its own attorneys in respect to a pleading which they had filed in this case. Nothing material to the case is found in the letter, and besides, the defendant could not help its case by a declaration of one of its officers to its own attorneys.

Neither was error committed in excluding the minutes of the executive committee relating to a proposition that plaintiff should work for defendant in the exchange of the stock of the Anchor Company for that of the defendant, upon a commission basis. The minutes of a corporation may be offered in evidence in controversies between members of a corporation or against a corporation, but not in favor of it as against third parties. The plaintiff was a stranger to the defendant corporation and had nothing to do with the writing of the minutes, and the defendant could not bind him by what they entered in their books. As against him, the recitals in the minutes were self-serving declarations and not admissible in evidence. (*Dolan v. Wilkerson*, 57 Kan. 758, 48 Pac. 23; *Trust Co. v. Loving*, 71 Kan. 558, 81 Pac. 200; Note, 125 Am. St. Rep. 858.)

Errors are assigned on instructions refused and given. An examination of these objections shows that they are based upon the theory that under the pleadings plaintiff could not recover upon the written contract, but as we interpret the allegations in plaintiff's petition, the instructions as given were pertinent and proper.

The findings appear to be supported by the evidence, and finding no substantial error in the rulings, the judgment is affirmed.