GEORGE C. O'BRIEN ET AL. V. A. B. SEALE.

Delivered May 27, 1897.

1. **Practice on Appeal—Conflicting Evidence.**

A mere conflict of testimony will not warrant the appellate court in reversing a case, where the judgment is not without evidence to support it.

2. **Same—Immaterial Error.**

Where plaintiff's petition alleged a dedication of the land in controversy, but no issue of dedication was submitted to the jury, error of the court in not sustaining defendant's exception to the allegation on that issue became immaterial.

3. **Same—Charge of Court—Requesting Instruction.**

Where a party at the trial in the court below made no effort to cure defects in the charge by requesting appropriate instructions, he will not be heard to complain on appeal of any defects in the charge short of essential and positive error.

APPEAL from Jefferson. Tried below before Hon. STEPHEN P. WEST.

*O'Brien, Bordages & O'Brien* and *Douglass & Jackson,* for appellants.

*Ford, Martin & Jones,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—On December 2, 1893, the appellant, George C. O'Brien, joined by his wife, Estella H., and his sister, Emma E. Smith, and her husband, H. B. Smith, conveyed to appellee a piece of land in Jefferson County, part of the David Brown headright league, and described in the deed of conveyance as being situate in the corporate limits of the city of Beaumont, and being off the tract now known as the "Jersey Farm," and as being meted and bounded as follows, to wit: "Beginning at a stake in and upon the east boundary line of Park street, 120 feet south of the dividing line between the old J. B. Simpson (now Langham Addition) tract and the old G. W. O'Brien (now Jersey Farm) tract; thence east parallel with said dividing line, 300 feet to stake 30 feet from west boundary line of the old Otho Mellard tract for second corner; thence south 120 feet to stake 30 feet west from said Mellard west boundary, for third corner; thence west 300 feet back to the east boundary of Park street to stake for fourth corner; thence north on and along said boundary line of Park street, 120 feet, to place of beginning, making a block of ground 120 feet by 300 feet in depth, more or less." And in February, 1896, the appellant, George C. O'Brien, conveyed to appellant, L. J. Lockhart, a strip of land fronting on the east boundary line of Park street 60 feet in width, that is, from its north boundary to its south boundary, and 120 feet in length. This parcel of land is situate north of the land conveyed to appellee Seale, and is parallel with it, from east to west. This tract is also a part of the Jersey Farm tract, and one-fourth of its area is within the boundaries of Simpson avenue, and this one-fourth of this tract, lying opposite to appellee's block of land, is the bone of contention in this suit.

Appellee contends that it is a part of the strip of land known as Simpson avenue, and upon which his land at the time he purchased it from appellants, abutted; and avers that the sale was made to him upon the distinct and positive assurance by appellant, George C. O'Brien, that said strip of land should be opened and kept open as a public street of the city of Beaumont; and appellant, on the other hand, denies that he gave any such assurance, and alleges that he distinctly declared at the time of the sale to appellee that he had not determined whether he would or would not dedicate said land to the use of the public as a street of said city; that in the future he might do so upon certain contingencies, but that he did not declare to the appellee that he should have ingress and egress over said strip to and from the block of land sold him. Shortly after the sale to Lockhart, he commenced the erection of a dwelling house and other improvements upon the land; the improvements so commenced were being made by appellant Reeves, under contract as alleged by him with Lockhart; and the appellee, on March 26, 1896, brought suit against O'Brien, Lockhart, and Reeves.

The object of the suit was to establish both a dedication of the sixty feet of land in question to the public, to be used as a street, and an easement therein for appellee, acquired by him through and by virtue of the terms and conditions of the sale made to him as aforesaid by O'Brien and his covendors on December 2, 1893, and to enjoin the erection of the proposed improvements, and to vacate and annul the deed from O'Brien to Lockhart, so far as it conveyed any part of said land known as Simpson avenue. The petition charged Lockhart with full knowledge, when he purchased from O'Brien, of the appellee's claim of easement in said land. A temporary injunction was granted restraining the defendants, but upon the coming in of the defendant O'Brien's answer, denying under oath all the material allegations of the petition, the injunction was dissolved. Upon trial of the cause, verdict and judgment were rendered against all of the defendants, and a new trial being refused them, they excepted and gave notice of appeal to this court.

Our conclusions upon the facts are, that the land sold to appellee, as well as that in controversy, was jointly owned by appellant, O'Brien, and his covendor in the sale to appellee Seale, Mrs. Smith; that the sale was negotiated exclusively between Seale and O'Brien, the latter acting for himself and as attorney in fact of Mrs. Smith, neither she nor her husband taking any part in the negotiation; and that, previous to the sale, O'Brien had had the O'Brien place, or the Jersey Farm, the name by which the O'Brien place was known at the time of the sale, surveyed into blocks and lots, and that a plot or map of this tract was in possession of O'Brien at the time of the sale, and which map or plot shows the parcel of land purchased by Seale to be the north half of block 8, including lots 1, 2, 3, 4, and 5, and that these lots abut on the north upon a strip of land designated upon the map as Simpson avenue; but the map has no scale, and it does not give the width of Simpson avenue or of Park street, upon which the premises abut on the west, nor of any avenue or street

delineated on the map; and north of the avenue designated as Simpson avenue, and abutting thereon, as shown by the map, was a strip of land, part of the O'Brien or Jersey Farm tract, lying parallel with Seale's lots, fronting on Park street, and extending east from that street the same distance that appellee's lands extend. The purchase was made by sale, after going upon the ground and viewing the premises and those adjoining thereto; and at the time Simpson avenue was closed with a wire fence, and was not used as a street or highway, and the fence was not broken until many months after Seale purchased, when O'Brien caused the old O'Brien house situated on the strip of land abutting Simpson avenue on its north boundary to be removed and placed toward the eastern extremity of this strip, and in removing this house the fence across this avenue, at its intersection with Park street, was partly broken, and so remained at the time of the sale to Lockhart. This map was seen by Seale at the time of the purchase, but it had never been recorded by O'Brien, and had never been out of his possession but when it was loaned to the surveyor who had made it, and who, without authority from O'Brien, used it in making a map of the city of Beaumont.

No one heard the conversation between O'Brien and Seale at the time the sale to the latter was negotiated, and their testimony is conflicting as to what was said between them in reference to the strip of land designated on the map as Simpson avenue. From the evidence, we think the jury might well have found that O'Brien's statement of what he said to appellee at the time of the sale was true; that he made no promise to make the strip a street, and that he was undecided whether he would do so or not; but that, whatever might be his decision, Seale should have a right of way over the strip, without any stipulation that this way should embrace the entire strip; while, on the other hand, the finding against the appellants on this vital issue is not without evidence to support it. We also conclude that Lockhart knew when he purchased from O'Brien that the land he was buying was partly within the street or the open space known as Simpson avenue, and that appellee's residence abutted on that avenue.

The appellants present several assignments of error for our decision, some of which, from the view we take of the case, need not be determined, while others are not presented in accordance with the rules of court prescribed for the preparation of briefs, and will therefore not be considered. Notably among the latter assignments, are the third, fourth, and seventh. The first assignment is, that the court erred in not sustaining defendants' special exceptions to the petition, and that its averments did not show a dedication by O'Brien of the land in controversy to the public. If the court erred in not sustaining this exception, the error became immaterial, as no issue of dedication vel non was submitted to the jury.

As to the fifth assignment, we are of the opinion that there was no error in admitting in evidence the map prepared by the witness Racheford, inasmuch as the only difference between that map and the one attached by appellant O'Brien, to his answer, was, that the former showed

the width of the streets by figures written in the spaces designated as streets or avenues, and the latter did not. The map was admissible in explanation of the testimony of the witness Racheford.

We have carefully considered the charge of the court, and we find no positive error in it, and the assignments which assail the charge must be held not to be well taken. Any defects in the charge the appellants should have sought to cure by requesting appropriate remedial instructions; and having failed to do so, they can not now be heard to complain of any defect short of essential and positive error.

The evidence, as we have already said, is conflicting on the vital question in the case, to wit, was appellee induced to purchase the property sold him by appellants upon the distinct and positive assurance given him at the time of the sale, by appellant O'Brien, that the strip of land designated upon the map shown to appellee as Simpson avenue was a street, and would be kept open? While we think the jury might well have found upon this issue for the appellants, the verdict is not so manifestly against the weight of the evidence as to authorize us to disturb it, and hence the eighteenth and twentieth assignments of error can not be sustained, and the judgment must be affirmed.

*Affirmed.*