TEXAS & NEW ORLEANS RAILROAD COMPANY v. FOREST BEAN.

Decided April 21, 1909.

**1.—Evidence—Negligence—Operation of Train—City Ordinance—Proximate Cause—Case Followed.**

Where, in an action against a railway company for personal injuries, the ground of negligence alleged and submitted was the mismanagement of the train by the employees in blocking the street therewith for an unreasonable and unlawful length of time and then putting it in motion without warning of any kind, a city ordinance forbidding the blocking of street crossings by railway trains for more than five minutes and providing a penalty for its violation, was admissible in evidence on the issue of negligence, over objection that the blocking of the street could not have been the proximate cause of the injuries. The blocking of the street and the negligent starting the cars in motion constituted an inseparable act of negligence, and it would be improper to attempt to separate them and enquire whether either alone was the sole proximate cause. Following Chicago R. I. & G. Ry. Co. v. Johnson, 101 Texas, 422.

**2.—Same.**

Where a railroad company was charged with negligence in that it blocked a street with its train an unlawful length of time and then put it in motion without warning of any kind, causing injury to one using the street and attempting to pass between the cars obstructing the crossing, and the evidence sustained a' finding that the bell was not rung until after the train was put in motion and if such signal had been given before the train started the plaintiff would not

have been injured, a penal ordinance requiring those in charge of locomotives operated in the city to keep the bell ringing while the locomotive is in motion, was admissible when limited by a charge which told the jury that they could consider it only as a circumstance along with the other facts and circumstances in evidence in determining the issue of negligence.

### 3.—Charge—Limiting Effect of Evidence—Weight of Evidence.

Where the manifest purpose of the court in giving an instruction was to protect the right of the complaining party to have the extent to which the ordinance might be considered by the jury properly limited, the instruction, in singling out the ordinance and calling it to the attention of the jury to accomplish this purpose, was not obnoxious to the rule forbidding a charge upon the weight of the evidence.

### 4.—Contributory Negligence—Deformity—Charge—Omission in Charge.

Where the plaintiff had a deformed foot, an omission, in the charge upon contributory negligence in attempting to cross between the standing cars of a train, to refer to his deformity in instructing as to the degree of care required of him, if error, was not affirmative error requiring a reversal in the absence of a request for a charge supplying the omission and correct in all respects.

### 5.—Same—Degree of Care—Charge—Crossing Accident.

Conceding that the evidence was sufficient to raise the issue of whether plaintiff's deformed foot affected his activity or in any way made it more dangerous for him to attempt to cross between the cars, ordinary care was all that was required of him; and while the question of what would amount to ordinary care might be affected by his physical condition in respect to his ability to cross quickly, he would under no circumstances be charged with a higher degree of care than ordinary care, and it would have been error to give a requested charge imposing a higher degree.

### 6.—Charge—Special Charge—Practice.

Special charges although containing correct applications of the law to the facts in evidence, are properly refused when the principles of law sought to be applied are contained in and sufficiently applied in the charge given by the court.

Appeal from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*Baker, Botts, Parker & Garwood* and *Lane, Jackson, Kelly & Wolters,* for appellant.—The mere fact that a train may remain on a street crossing for more than five minutes does not authorize or justify any person in attempting to cross over between the cars, and said prohibitive ordinance was wholly irrelevant, and could have no bearing on any issue of negligence involved in said accident, because the mere act of remaining on the crossing for a forbidden time was not an inducement or invitation to appellee to climb over between the cars, and he did not act on that assumption. It was error to admit said ordinance because all the proof produced by appellee, as well as all the other facts and circumstances in evidence, clearly show that the violation of said ordinance, if in fact it was violated, was not and could not have been the proximate cause of the injuries sustained by appellee. De La Pena v. Railway, 32 Texas Civ. App., 241; Kelly v. Railway, 97 Texas, 619; Railway v. Bigham, 90 Texas, 223; Railway v. Nycum, 34 S. W., 460; Railway v. Powell, 41 S. W., 695; Thompson on Negligence, sec. 1558.

The court erred in admitting in evidence, over the objections of

the defendant, art. No. 1049, of the ordinances of the city of Houston, which reads. as follows: "Árt. 1049.—Locomotive bell must be kept ringing. It. shall be the duty of every engineer or pérson in charge of an engine to cause the engine bell to be rung continuously whilst the cars are in motion, and every person who shall fail so to do shall be deemed guilty of an offense, and shall be fined on conviction before the recorder in any sum not less than twenty-five (25) dollars, nor more than one hundred (100) dollars." The admission of this ordinance was error: (1) Because it was irrelevant to any issue in the case; (2) because it was not competent to establish by this ordinance any negligence upon the part of the defendant; (3) because it is shown by the evidence of the plaintiff and his witnesses that the violation of this ordinance, if it occurred, could not have been the proximate cause of his injuries in this case. Railway v. Chambers, 73 Texas, 297; Railway v. Reed, 88 Texas, 448; Railway v. Pope, 86 S. W., 7; Railway v. Morgan, 92 Texas, 102; Dobbins v. Railway, 91 Texas 62; Railway v. Kieff, 94 Texas, 338; Railway v. Powell, 41 S. W., 695.

The court erred in that portion of his charge to the jury upon the issue of contributory negligence, in which he undertook to define the degree of care required of plaintiff, in failing to instruct them, in this connection, that they should take into consideration the fact of his deformed foot, and that the ordinary care required of him was such as a person of his age and experience and suffering with a like disability, would be required to use—that is, that they could determine the question of ordinary care and contributory negligence, as it applied to him, by considering the physical condition that he was in at the time of the accident, especially as this proposition was directly called to the attention of the court by the special charge of the defendant upon this subject, which was refused. Anderson v. Railway, 110 S. W., 650; Fusili v. Mo. Pac. Ry. Co., 45 Mo. App., 535.

*Ewing & Ring* for appellee.

PLEASANTS, CHIEF JUSTICE.—This suit was brought by appellee against the appellant to recover damages for personal injuries. The petition alleges, in substance, that the plaintiff, Forest Bean, a minor above fifteen years of age, was injured upon one of the public streets of the city of Houston through the negligence of appellant's servants in the operation of a train of cars on appellant's road, which crosses said street. The only ground of negligence which was submitted to the jury was the mismanagement of the train by blocking the street therewith for an unreasonable length of time in violation of an ordinance of said city, and by then placing the train in motion without blowing the whistle or ringing the engine bell or giving any warning or signal indicating such an intention.

The defendant answered by general demurrer and general denial and by a plea of contributory negligence in which it is charged that plaintiff was guilty of contributory negligence in that "at a time when defendant's cars were coupled together and attached to a locomotive engine, and the same being operated and about to be moved, the plain-

tiff entered upon and between two of the said cars, and remained upon and between them and trespassed thereon, without the knowledge or consent of defendant, and in a dangerous position, and remained therein while the said cars were being moved, without taking any reasonable precaution for his safety."

In answer to this plea plaintiff, in a supplemental petition, alleged that he was induced to believe that the train would not be put in motion and that he could safely pass between the cars by the statement of appellant's watchman at said street crossing made in his presence and hearing to other persons waiting to use said crossing, to the effect that they, the persons there waiting, had better go to the next crossing as the train would probably remain standing where it then was for ten or fifteen minutes. He further alleged that the defendant was in the habit of blocking said street with its trains for a longer time than five minutes, the time permitted by the city ordinance, and that on such occasions it was the general custom for persons desirous of using said crossing to climb between the cars of the train by which the crossing was so blocked, and that from these circumstances defendant might reasonably have anticipated that moving its train without warning of any kind would result in the injury to plaintiff, or in some like injury.

The trial in the court below by a jury resulted in a verdict and judgment in favor of plaintiff in the sum of $7,500.

The evidence sustains the following findings of fact: At the time of his injury the appellee, Forest Bean, was fifteen years old. On the morning of the accident he left his mother's home to go to the Grand Central Depot, to take a train to Humble. His way was along Hardy Street in said city, which street is crossed by a number of tracks of appellant railroad. When he reached these tracks there was a long freight train standing on the crossing heading east, the engine of said train being some four or five car lengths east of the crossing. After waiting for more than five minutes for the train to move, and being in a hurry to catch his train to Humble, he jumped up on the drawheads between two of the cars on the crossing intending to jump down on the other side. Just as he jumped on the drawhead the train moved back without warning of any kind and his foot was caught between the draw-heads and so mashed and injured that it became necessary to have it amputated. When appellee got to the crossing there were two wagons and a buggy waiting for the train to move. While appellee was waiting and just before he attempted to go between the cars the watchman of appellant at said crossing said to the persons in the wagon and buggy: "If you all want to get by you just as well go down to the next crossing, as it may be ten or fifteen minutes before this train moves." Acting upon this information the occupants of said vehicles turned around and went to another crossing a block or so distant, and appellee walked up to the train and looked and listened for any signal indicating that the train would be put in motion and seeing and hearing nothing to indicate that the train was about to be moved, he made the attempt to cross between the cars as before stated. Neither the whistle nor the bell on the

engine was sounded before the train was put in motion, and no warning of any kind was given.

Hardy Street is a public thoroughfare of the city of Houston and there are many people living adjacent thereto and much travel over defendant's tracks at this crossing. The defendant's watchman at said crossing testified that when the crossing was blocked by trains it was customary for persons using said street to climb through between the cars just as appellee attempted to do. It was also shown that it was the custom of the operatives of appellant's trains whenever a train stopped on the crossing to ring the bell or blow the whistle of the engine before again putting the train in motion. Appellee testified that he knew of this custom, and that on such occasions the bell was usually sounded four or five times or whistle blown several times before the train was moved and that if either of these signals had been given on this occasion he would not have been caught by the movement of the train.

There is an ordinance of the city of Houston which provides that: "It shall not be lawful for any railroad company to permit any locomotive, engine or train of cars to remain standing upon any public street-crossing within the corporate limits of the city of Houston for a longer period than five minutes." The violation of this ordinance is punishable by a fine. The Hardy Street crossing is in appellant's switch yards and, as before stated, there are a number of tracks at this point. These tracks are being almost constantly used and engine bells and whistles are sounding there a great deal of the time.

Another ordinance of the city of Houston provides that: "It shall be the duty of every engineer or person in charge of an engine to cause the engine bell to be rung continuously whilst the cars are in motion, and every person who shall fail so to do shall be deemed guilty of an offense and shall be fined, on conviction before the recorder, in any sum not less than twenty-five (25) dollars, nor more than one hundred (100) dollars."

Appellee has the intelligence and discretion of the average boy of his age and was possessed of that degree of intelligence at the time he got between the cars and was injured as stated. The appellee was born with a club foot. This deformity was described as a foot with an ankle, heel and two toes, the other parts of an ordinary foot being lacking. The evidence shows that this deformity interfered very little, if any, with his activity, but he walked with a slight limp. This was the foot that was caught between the draw-heads and injured so that it had to be amputated.

The first and second assignments of error complain of the ruling of the trial court in admitting in evidence over the objection of the defendant the ordinance of the city of Houston forbidding the blocking of street crossings by railway trains for more than five minutes, and providing a penalty therefor. The objections presented to the admission of this ordinance were, (1) because it was irrelevant to any issue in the case; (2) because it was not competent to establish by such ordinance any negligence upon the part of the defendant; (3) because it was shown by the evidence of the plaintiff and his witnesses

that the violation of this ordance, if it occurred, could not have been the proximate cause of plaintiff's injuries in this case.

There was no error in the ruling complained of by these assignments. The ground of negligence alleged in the petition and submitted to the jury was the mismanagement of the train by appellant's servants in blocking the street therewith for an unreasonable and unlawful length of time, and then putting it in motion without warning of any kind. As said by Judge Speer in his dissenting opinion in the case of Chicago, R. I. & G. Ry. Co. v. Johnson, 101 Texas, 422: "The blocking of the street and the negligent starting of the cars in motion are so interwoven as to constitute an inseparable act of negligence, and it would be improper to attempt to separate them and to inquire whether either alone was the sole proximate cause." This opinion, which was adopted by the Supreme Court in answer to a certificate of dissent in said case, is conclusive of the question presented by these assignments, and is fully sustained by the authorities therein cited.

While the exact question certified in the case cited was whether the court properly submitted to the jury the blocking of the street and the starting of the train without warning as a single ground of negligence, the decision necessarily involved the question of the admissibility of the evidence as to the unlawful blocking of the street.

The fourth and seventh assignments of error complain of the charge of the court in submitting the issue of negligence on the part of appellant's servants in the mismanagement of the train in the particulars above stated, and of the refusal of the court to give a special charge requested by the defendant instructing the jury that the violation by the defendant of the ordinance forbidding the blocking of the street for more than five minutes could not have been the proximate cause of plaintiff's injuries, and therefore the evidence showing such ordinance and its violation should not be considered by them. What we have said in discussing the first and second assignments disposes of the questions here presented. The case of Railway v. Johnson, before cited, decides the exact question raised by these assignments adversely to appellant's contention.

The third assignment assails the ruling of the court in admitting in evidence the ordinance of the city of Houston before set out requiring the engineer or person in charge of the locomotive engine operated in said city to keep the bell upon the locomotive ringing while such locomotive is in motion. The objections urged to the introduction of this ordinance in evidence were that it was irrelevant, did not tend to establish negligence on the part of the defendant, and could not have been the proximate cause of plaintiff's injuries. We think the ordinance admissible as a circumstance tending to establish negligence upon the part of appellant's employes in the operation of the train in the respects alleged in the petition. The evidence sustains the finding that the bell was not rung until after the train was put in motion and that if such signal had been given before the train started plaintiff would not have been injured, and under these circumstances it was proper for the jury to consider the ordinance in question in

determining the issue of whether the failure to ring the bell before starting the train was negligence.

The court in his charge told the jury that they could only consider this ordinance as a circumstance along with the other facts and circumstances in evidence in determining the issue of negligence as submitted in other portions of the charge. As thus limited in the extent to which it should be considered, we think the evidence was admissible. (Missouri, K. & T. Ry. Co. v. Saunders, 101 Texas, 255.)

The fifth assignment complains of the charge of the court before mentioned in which the jury are instructed as follows: "The provisions of the city ordinance adduced in evidence relating to train signals or warning by bell, may be considered by you in this case as a circumstance, along with the other facts and circumstances in evidence, in determining the issue of negligence, as submitted by the court, you giving the same such weight as you may deem it entitled to." The objection urged to this charge is that the ordinance being irrelevant to any issue in the case it should not have been allowed to go to the jury, and the charge was upon the weight of the evidence in directing the attention of the jury to said ordinance and thereby giving it undue prominence. What we have said under the third assignment disposes of the contention that the ordinance was inadmissible, and there is no merit in the contention that the charge was upon the weight of the evidence. The manifest intention of the court in giving the instruction was to protect defendant's right to have the extent to which the ordinance might be considered by the jury properly limited, and singling out testimony and calling it to the attention of the jury to accomplish this purpose is not obnoxious to the rule forbidding a charge upon the weight of the evidence. (Giddings v. Baker, 80 Texas, 309; Yocham v. McCurdy, 95 Texas, 336; Eastham v. Hunter, 102 Texas, 145.)

The sixth assignment of error is as follows: "The court erred in his charge to the jury upon the proposition of contributory negligence and in the degree of care required of plaintiff, in failing to instruct them in this connection that they should take into consideration the fact of his deformed foot, and that the ordinary care required of him was such as a person of his age and experience and suffering with a like disability, would be required to use. That is, that they could determine the question of ordinary care and contributory negligence, as it applied to him, by considering the physical condition that he was in at the time of the accident, as this proposition was directly called to the attention of the court by the special charge requested by the defendant upon this subject, which was refused."

The only proposition presented under this assignment which is within the scope of the assignment is the fourth and is as follows: "The court erred in that portion of his charge to the jury upon the issue of contributory negligence, in which he undertook to define the degree of care required of plaintiff, in failing to instruct them, in this connection, that they should take into consideration the fact of his deformed foot, and that the ordinary care required of him was such as a person of his age and experience, and suffering with a like disability, would be required to use; that is, that they could deter-

mine the question of ordinary care and contributory negligence, as it applied to him, by considering the physical condition he was in at the time of the accident, especially as this proposition was directly called to the attention of the court by the special charge of the defendant upon this subject, which was refused."

The plea of contributory negligence contained in appellant's answer is as follows: "And for further plea and answer in this behalf the defendant avers that plaintiff ought not to have or recover anything of defendant for that the injuries, if any he received, were caused and contributed to by his own want of ordinary care and wilful and reckless conduct, in this, that at a time when defendant's cars were coupled together and attached to a locomotive engine, and the same were being operated and were about to be moved, the plaintiff entered upon and between two of the said cars and remained upon and between them, and trespassed thereon without the knowledge or consent of the defendant, and in a dangerous position and remained therein while the said cars were being moved, without taking any reasonable precaution for his safety; and that he was thereupon and thereby injured without any fault or negligence on the part of defendant, but as the result of his own wrongful and negligent conduct aforesaid."

The charge of the court upon the issue of contributory negligence, and the charge upon that issue requested by defendant and refused by the court, are as follows: "Although you may find that such employes or servants were negligent in the management of the train or cars in question, in the particulars above submitted, and that such was a proximate cause, as above defined, of the alleged injury, yet if you further believe from the evidence that the plaintiff, at the time when the cars in question were coupled together and attached to a locomotive and about to be moved, if the whistle blew or did not blow, entered upon or between two of the cars, and remained there in a dangerous position while the cars were being moved, and that in so doing he failed to exercise such care or take such precaution for his safety as an ordinarily prudent person of his age and discretion would have done under the same or similar circumstances, then the plaintiff was guilty of contributory negligence, and if you so find, let the verdict be for the defendant."

The ninth special charge, requested by defendant and refused by the court: "In considering the question of the ordinary care which the minor, Forest Bean, was required to exercise in undertaking to cross over the cars at the crossing, you are charged that if you believe from the evidence that the deformity of his foot rendered him less active in moving and getting upon and over cars than if he had possessed a good foot, then he would be required to exercise the greater degree of care and precaution in undertaking to pass over said car than if he were not so afflicted. Therefore, if you believe from the evidence that a boy of ordinary prudence, of similar age and experience to said Forest Bean, but not afflicted as he was, would have undertaken to pass over said cars, but that a boy of ordinary prudence, of similar age and experience with Forest Bean, and afflicted with a like disability, would not, under the circumstances, have made said attempt, and that Forest Bean's want of such ordinary prudence

of a boy similarly disabled directly contributed to his injuries, you will find for the defendant."

If the omission in the court's charge complained of by the proposition before set out was error it was clearly not affirmative error, and unless the charge requested by the defendant was correct in all of its terms it was properly refused by the court, and appellant can not complain of an omission in the charge unless a proper special charge supplying such omission was requested. Even if it be conceded that the evidence is sufficient to raise the issue of whether plaintiff's deformed foot affected his activity or in any way made it more dangerous for him to attempt to cross between the cars, we think the requested charge was properly refused because it placed a higher degree of care upon plaintiff than the law required under the facts supposed. Ordinary care was all that was required of plaintiff and while the question of what would amount to ordinary care might be affected by the physical condition of plaintiff in respect to his ability to cross quickly between the cars, he would under no circumstances be charged with a higher degree of care than ordinary care, and it would have been error for the court to have so charged. (Gulf, W. T. & P. Ry. Co. v. Staton, 49 S. W., 277; San Antonio & A. P. Ry. Co. v. Long, 19 Texas Civ. App., 649; Texas & N. O. Ry. Co. v. Bingle, 16 Texas Civ. App., 653; San Antonio & A. P. Ry. Co. v. Safford, 48 S W., 1105; O'Brien v. Seale, 41 S. W., 150; Gulf, C. & S. F. Ry. Co. v. Minter, 93 S. W., 516; Houston & T. C. Ry. Co. v. Oram, 107 S. W., 74; Gulf, C. & S. F. Ry. Co. v. Smith, 87 Texas, 348; Texas & P. Ry. Co. v. Watkins, 88 Texas, 25; Galveston, H. & S. A. Ry. Co. v. Gormley, 91 Texas, 399.)

The remaining assignments of error complain of the refusal of the court to give special charges requested by the defendant. It would serve no useful purpose to discuss these assignments in detail. None of them in our opinion should be sustained, because in so far as the refused special charges referred to in said assignments contained correct applications of the law to the facts in evidence, the principles of law sought to be applied were contained in and sufficiently applied in the charge given by the court.

We think the judgment of the court below should be affirmed and it has been so ordered.

*Affirmed.*

Writ of error refused.