THE HINSDALE SAVINGS BANK v. THE NEW HAMPSHIRE BANKING COMPANY.

No. 10850.

STOCKHOLDER'S INDIVIDUAL LIABILITY—*in proceeding to enforce, that party a stockholder not provable by mere entries by an officer on corporation books.* In proceedings instituted by a creditor of a corporation to charge another person with liability as one of the corporate shareholders, the books of the corporation, other than the stock subscription book, if unsupported by other evidence, are inadmissible to prove membership in the company.

Error from Kearny District Court. W. E. Hutchison, Judge. Opinion filed November 5, 1898. *Reversed.*

*Ferry & Doran*, for plaintiff in error.
*Peters & Nicholson*, for defendant in error.

DOSTER, C. J. This was an action by the New Hampshire Banking Company as a judgment creditor of the Davidson Investment Company, a corporation, to charge the Hinsdale Savings Bank with liability as a stockholder in the corporation named. The action was in the form of a petition under the last clause of

section 50, chapter 66, General Statutes 1897. The defendant filed an answer denying its membership as a stockholder. The only evidence in proof of membership was the stub of a stock certificate book containing memoranda indicating that a certificate of shares of stock had been issued to the defendant. This memoranda was in the following words—

" Date of certificate, October 1, 1896. Number of certificate, 57. Number of shares, 60. To whom issued, Hinsdale Savings Bank."

Upon this evidence judgment was rendered against the defendant. The question of its sufficiency to support the judgment is brought here for review. It is wholly insufficient. It is evidence *res inter alios acta* — nothing more. Entries in the books of a private corporation are made by its officers and concern nobody but the corporation and its members. If membership in a corporation be admitted, the books kept by its officers, with some exceptions, are admissible in evidence against the member, but they are not admissible to establish even *prima facie* the fact of membership, as against one protesting his lack of connection with the company. As to him such books are hearsay of the baldest kind. A stock subscription book in which one has entered his name as a subscriber for corporate shares would constitute a contract receivable in evidence upon the issue of membership in the corporation, but a mere entry of his name as a subscriber, made upon the books by the secretary, or other officer, can be viewed in no other light than as the declaration of the corporation or the officer. Elementary as the rule of evidence adverted to is, the supreme court of the United States, in *Turnbull v. Payson* ( 95 U. S. 418), and likewise a few of the state courts, have lent the sanction of their judgment to an opposing one. The doctrine of these cases is, however, caustically

characterized by Judge Thompson in his Commentaries on the Law of Corporations (vol. 2, § 1924), as "a strange aberration." The epithet seems not without propriety so far as necessary to give emphasis to the expression of opposing view. What would appear upon reason to be the indisputable rule of evidence is thus stated by the author named :

"Perhaps no rule broad enough to cover all cases can be stated as to when, in an action to charge a shareholder, the books of the corporation are evidence against him. It may be stated that *as between members* of the corporation, they are evidence of all corporate acts therein recorded ;. but they cannot be used against a stranger to connect him with the corporation, unless made so by act of the legislature. It is obvious that this must be the rule applied to the classes of actions we are considering. Otherwise the secretary of a company, by entering a man's name as a shareholder on its books, might, without his knowledge or consent, make him a stockholder ; and where death or other circumstances had rendered countervailing proof impossible, this unauthorized act might charge him or his estate with a serious burden. Men should be allowed to make their own contracts ; the courts should not, by establishing unreasonable rules, make contracts for them." Id., § 1919.

The case of *Plumb v. The Bank of Enterprise* (48 Kan. 484, 29 Pac. 699 ), is unlike this one. There the question was whether the stubs of stock certificates, which according to a practice of the corporation known to its members, were used to record or note the transfers of stock when made, but which in the particular case showed no transfer, could be used as evidence of the negative fact, as against one who admitted his membership in the company at one time, but claimed that he had parted with his shares, and who had failed to have the transfer noted by the company according to its custom on the stubs of the certificates. There the books of the corporation kept in a particular way to

the knowledge of an admitted member, were used to show his continuing liability; here the books of the corporation were used as the sole evidence of an original contract or membership. It is not unlikely that upon an issue of membership in a corporation, the books kept by its officers may be introduced to establish the claimed connection with the company; but if so they would be received not as independent but as qualifying or explanatory evidence. They could not be received as the sole dispositive evidence of the fact in dispute.

The judgment of the court below is reversed for proceedings in accordance with this opinion.