### MRS. DELHA EASTHAM ET AL. v. BEVERLY HUNTER ET AL.

#### No. 1871.   Decided December 9, 1908.

**1.—Innocent Purchaser—Inadequate Consideration.**

Inadequacy of the consideration paid may be shown as bearing on the question whether the purchaser bought the land or a mere chance for title; but it was error to submit the issues by a charge which made him an innocent purchaser only in case he paid a fair price or the reasonable market value of the land. (Pp. 146, 147.)

**2.—Agency—Ratification—Lapse of Time.**

Long lapse of time intervening between the execution of a deed by an agent under power of attorney and action to recover it from the purchaser may be considered as bearing on the question whether the principal knew of and acquiesced in the sale.   (P. 147.)

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Walker County.

Hunter and others sued Eastham and others to recover land. Judgment for plaintiffs was affirmed on appeal by defendants, who thereupon obtained writ of error.

*Dean, Humphrey & Powell* for plaintiffs in error.—It was not necessary that Eastham should have paid a fair price for said land in order that he might be protected as an innocent purchaser in good faith for value without notice, the proper inquiry being, did the said Eastham purchase said land and not the chance of the title thereto, and did he purchase the same without notice of any vice in the consideration of the deed from Hunter to Pace? Nichols-Steuart v. Crosby, 87 Texas, 453; Wilson v. Denton, 82 Texas, 531; Hanrick v. Gurley, 48 S. W., 1003; Dycus v. Hart, 2 Texas Civ. App., 354; Stanley v. Hamilton, 33 S. W., 602; Garner v. Boyle, 97 Texas, 460; Nelson v. Bridge, 98 Texas, 523, 39 Texas Civ. App., 283.

Payment of a valuable consideration for the land by Eastham, followed by proof of the assertion of title by said Eastham in his life time, and by those claiming his estate after his death, such assertion of title extending over a period of more than twenty-five years, coupled with nonclaimer by Beverly Hunter in his life time, though he is shown to have lived about twenty years after the execution of the deed by Robert Hunter as attorney in fact to Pace, authorizes the presumption that the said Eastham had no notice of any vice in the deed from Hunter to Pace, at the time he purchased said land from Pace. Rogers v. Pettus, 80 Texas, 425; Dean v. Gibson, 34 Texas Civ. App., 508; Eastham v. Hunter, 98 Texas, 560.

*Hill, Williams & Elkins,* for defendants in error.—Definition of

bona fide purchaser: One who buys property without notice, actual or constructive, and who pays a full and fair price therefor.    5 Encyc. Law & Procedure, 719; 4 A. & E. Encyc. Law (2d ed.), 615; Spicer v. Waters, 65 N. Y., 231.

That this deed is a quitclaim only: Hunter v. Eastham, 69 S. W., 66.

A purchaser under a quitclaim deed for a nominal consideration can not be an innocent purchaser: Lumpkins v. Adams, 74 Texas, 97; Carlton v. Lombardi, 87 Texas, 355.

One who merely credits the purchase price of a quitclaim deed on a pre-existing debt is not an innocent purchaser. Laurens v. Anderson, 1 S. W. 379; McKamy v. Thorp, 61 Texas, 648.

Mr. Chief Justice Gaines delivered the opinion of the court.

This case has previously been before this court upon writs of error in two different instances. In the first, judgment for plaintiffs was reversed and the cause remanded (Hunter v. Eastham, 95 Texas, 648), and in the second, a judgment for the defendant was reversed and again remanded (Eastham v. Hunter, 98 Texas, 561).

Suit was brought in an action of trespass to try title by Beverly Hunter and others to recover the land in controversy. The facts, briefly stated, in regard to the title, are as follows: Beverly Hunter was the common source of title and it is admitted that it was the community property of Beverly and Caroline Hunter, and that plaintiffs and Robert Hunter are heirs at law of Beverly and Caroline Hunter.

The facts of the case, briefly stated, are that November 26, 1879, Beverly Hunter being about to remove to Kansas, executed a power of attorney to his son, Robert Hunter, to sell the land. On the 5th day of January, 1880, Robert Hunter made a conveyance of the land to one W. R. Pace, for a recited consideration of $112.50, cash to him paid. Caroline Hunter died about 1880 in the State of Kansas, and Beverly Hunter died on or about 1899 in the same State. On December 1, 1880, W. R. Pace conveyed the land to one B. Eastham, which conveyance is found in the case reported in 95 Texas, 651. In order to show that the title of the land did not pass by the conveyances in question plaintiffs attempted to prove that the consideration mentioned in the deed from Robert Hunter, attorney in fact, to W. R. Pace was not in fact paid in money, but was in part a debt due from Robert Hunter, or Beverly Hunter, or both, to Pace. They also attempted to show that the deed from Pace to Eastham was a quitclaim deed which conveyed only a chance of title and not the land, and also that Eastham when he accepted said conveyance knew the fact that Pace had not paid the consideration for the deed mentioned therein. The court in its main charge instructed the jury as follows: "If you find from a preponderance of the evidence that said Pace did not pay said Robert Hunter the consideration recited in said deed in cash, but applied the same or any part thereof to the payment of debt due to said Pace either by Robert Hunter or Beverly Hunter or both, then you

are instructed that the deed from said Robert Hunter to said Pace did not pass the legal title to said Pace, but the legal title to said land remained in said Beverly and Caroline Hunter, and you will find for plaintiffs the land in controversy unless you shall believe by a preponderance of the evidence that said B. Eastham, under whom defendants claim title, bought the land in controversy in good faith, and not the chance of title to said land from said Pace, for a valuable consideration, and that at such time said Eastham had no notice or knowledge that the consideration paid to said Robert Hunter was in fact the discharge of a pre-existing debt either of Robert Hunter or Beverly Hunter or both; if you find such was the fact, and that the consideration paid by said Eastham to said Pace at the time was a fair price for said land at the time, then you are instructed that the said Eastham was an innocent purchaser in good faith for value of said land in controversy, and if you so find, you will find for the defendants." In previous part the court also gave this instruction: "By fair price is not meant an adequate consideration or the full value of the property, but the reasonable market value of the property at the time of sale."

It is apparent from this that if the jury believed that Eastham did not pay the full market value of the land he could not claim title as an innocent purchaser. We think this was error. In Nickols-Steuart v. Crosby, 87 Texas, 443, it is held by this court that a party who pays a grossly inadequate consideration for land can not claim to be the bona fide purchaser, for the reason that a grossly inadequate consideration should not be considered a valuable consideration; but we have never held that a party can not be a bona fide purchaser who has paid simply less than the market value of the land. Now it may be that, in determining the question whether the deed from Pace to Eastham was intended to convey the land or a mere chance of title to the land, the fact that an inadequate consideration was paid may be looked to as a circumstance to throw light upon that question, but we do not think that further than this the court should go upon this matter. The charge was therefore erroneous and misleading and may have led to the finding of the jury in this case. For this error the judgment must be reversed and the cause remanded. We are of opinion that it was not only proper for the trial judge, but also his duty to have instructed the jury, in determining the question of whether Eastham bought the land, or a mere chance of title, to consider the amount paid for it, whether it was the reasonable value of the land or not; but we do not think that the court should have gone further, and made the determination of the question depend upon whether he paid the full market value or not. We also think, upon the question of whether Beverly Hunter knew of the sale made by Robert Hunter as his attorney in fact and acquiesced in it so as to make it a valid sale, the long lapse of time which intervened from the execution of the sale by Robert Hunter until this suit was brought should also be considered by the jury.

The evidence in this case on the two important questions is

meagre and quite unsatisfactory, and we think both questions should be left to the jury under proper instructions.

Judgment is reversed and the cause remanded.

*Reversed and remanded.*