### E. A. BLANTON ET AL. v. W. W. NUNLEY ET AL.

Decided April 24, 1909.

**1.—Tax Sale—Redemption—Statute Construed.**

An offer by letter to redeem from tax sale the interest of the writer in a larger body of land sold for taxes, but unaccompanied by a tender of any amount of money, is not sufficient under the requirement of article 5232m, Revised Statutes, as an offer to redeem.

**2.—Same—Inadequacy of Consideration.**

A sale of land for taxes will not be declared null and void upon the ground alone that the land was of the market value of $738 and sold for $105.

ON REHEARING.

**3.—Tax Suit—Unknown Owner—Record of Deeds.**

In suits for delinquent taxes, one whose muniments of title to the land are on record at the time suit was filed can not be legally cited as an unknown owner, within the meaning of article 5232o, Sayles Civil Statutes, concerning the citing by publication of unknown owners and nonresidents, and a judgment upon such citations in such case may be collaterally attacked. The record of the title papers for the purpose of such suits is equivalent to actual, visible possession of the land by the owner. Sellers v. Simpson, 115 S. W., 888, followed: Gibbs v. Scales, 54 Texas Civ. App., 96, distinguished.

**4.—Tax Sale—Improvements in Good Faith.**

The vendee of a purchaser of land at a tax sale may recover from the owner of the land compensation for improvements made thereon in good faith in a suit of trespass to try title by the owner.

Appeal from the District Court of Hartley County. Tried below before Hon. J. N. Browning.

*Green & Blanton, Stepp & Bailey,* and *Pardue & Harrington,* for appellants.—A judgment by default, in a suit to foreclose the tax lien for a gross sum of taxes, rendered against the "unknown owners" of a 1476-acre survey, (based on service by publication,) is absolutely void where said 1476-acre survey was divided into five different tracts of land, which were owned in severalty by six different persons, neither of whom were parties to said tax suit and had no notice of it, but had their titles to said five different tracts properly recorded and indexed in the county where said land is located, disclosing the names and residences of the various owners and giving a complete description by metes and bounds of each of said five tracts of land at the time said tax suit was filed, and the owners had been paying taxes on said lands for six years prior to the filing of said tax suit, because the officers by ordinary diligence could have ascertained the names and addresses of each of the owners of said land and made them defendants in said tax suit, and sued them for the taxes due on each separate tract of said land. Sayles' Texas Civil Statutes, arts. 5112, 5172, 5173, 5232g, 5232f, 5232o, 5254; Bingham v. Matthews, 86 S. W., 781; Borden v. City of Houston, 62 S. W., 426; Fant v. Brannin, 2 Posey U. C., 323; Bradley v. Jansen, 93 S. W., 506; State v. Mantooth, 49 S. W., 683.

The recital in a judgment by default in a tax suit against unknown owners that the "defendants being unknown, though having been duly

cited by publication, failed to appear and answer herein," authorizes and requires the court, when the validity of said judgment is called in question collaterally, to examine the citation by publication upon which said judgment by default is based, when it is identified, and to determine from it whether or not the court that rendered said judgment by default had jurisdiction to render it. Black on Judgments (second edition), par. 277 and 278; Withers v. Patterson, 27 Texas, 496; Fowler v. Simpson, 79 Texas, 617; Bingham v. Matthews, 86 S. W., 781; Bradley v. Jansen, 93 S. W., 506; Earnest v. Glaser, 74 S. W., 605; Netzorg v. Geren, 62 S. W., 789.

Appellant Blanton having offered to redeem the land in controversy from appellee Oakes at a time he had a legal right to do so, and appellee Oakes having refused to permit him to redeem his said land (even though the money should be tendered him for that purpose), on the sole ground that appellant Blanton had no right to redeem his land unless he would at the same time redeem other lands that had been improperly grouped and sold with it, was equivalent to and did work a redemption of the land in controversy from said tax sale, and the deed made by appellee Oakes to appellee Nunley to the land in controversy after said offer to redeem was made, is void because appellee Nunley failed to ascertain or to enquire of Oakes or any one else as to whether or not said land had been redeemed from said tax sale. Sayles' Civil Statutes, art. 5232n; Burns v. Ledbetter, 54 Texas, 382; Logan's Heirs v. Logan, 72 S. W., 418; Bender v. Bean, 52 Ark., 132; Haney v. Clark, 65 Texas, 94; Penn v. Clemans, 19 Iowa, 372; Dietrick v. Mason, 57 Pa. St., 40; 5 Lawson's Rights, Remedies & Prac. p. 4192, art. 2534; Borden v. Borden, 4 Am. Dec., 32; Noyes v. Clark, 32 Am. Dec. 620.

*Webb & Joiner,* and *Turner & Boyce,* for appellees.—The entire survey of 1476 acres being delinquent, and taxes having been assessed against the same as a whole to unknown owners, and the county attorney having made affidavit that the owners were unknown, suit was properly brought to foreclose such tax on the entire survey; and in a collateral attack on judgment rendered in such a case the record can not be contradicted by showing that the affidavit made by the attorney was false. If suit was properly brought to foreclose lien on the entire survey it follows that it was proper to sell the survey as an entirety. Rev. Stats., art. 5232h.

For a discussion of what is collateral attack on judgment: Crawford v. McDonald, 33 S. W., 327; Kenson v. Gage, 79 S. W., 606; Babcock v. Walffarth, 80 S. W., 642; Stoneman v. Bilby, 96 S. W., 51; Earnest v. Glaser, 74 S. W., 605; Dunn v. Taylor, 94 S. W., 347; Williams v. Young, 90 S. W., 942; Young v. Jackson, 110 S. W., 74; M'Carter v. Neil, 6 S. W., 732; Eitel v. Foote, 39 Cal., 439; Gribble v. Livermore, 67 N. W., 213; McGregor v. Morrow, 21 Pac., 157; Black on Judgments, secs. 246, 247, 279, 795, 287.

Where land is unoccupied, the owners thereof non-residents of the county, the land patented to the heirs of Jackson Davis, and there being no way to ascertain who these heirs are except from recitals in subsequent deeds, and it being impossible to trace the title

through these deeds from an index of the records, the county attorney may properly make affidavit that the owners are unknown.

The judgment having recited that citation had been duly had by publication, the affidavit made by the publisher that the citation had been published as required by law is sufficient return on a collateral attack on the judgment. Young v. Jackson, 110 S. W., 78; Earnest v. Glaser, 74 S. W., 605; Kenson v. Gage, 79 S. W., 606; Babcock v. Wolffarth, 80 S. W., 642.

Gross inadequacy of consideration brought by property at foreclosure sale, does not render the sale absolutely void, only voidable upon direct attack; the doctrine does not apply to tax foreclosure sales, and at the time of the introduction of the deeds in evidence, to which the objection was made, there was absolutely no evidence before the court to show that the price paid was inadequate, and the ruling of the court at the time it was made was therefore correct. Miller v. Koertge, 7 S. W., conclusion of opinion; Rogers v. Moore, 97 S. W., 686.

The doctrine of inadequacy of consideration does not apply to these sales. Besides, mere inadequacy of consideration does not defeat a plea of innocent purchaser. Eastham v. Hunter, 114 S. W., 97; Rogers v. Moore, 97 S. W., 685.

DUNKLIN, ASSOCIATE JUSTICE.—This was a suit in trespass to try title by E. A. Blanton, Laura White and W. P. Davis against C. E. Oakes and W. W. Nunley to recover four hundred and seventy-six acres of land out of the Jackson Davis survey of fourteen hundred and seventy-six acres, situated in Hartley County. The suit was instituted March 8, 1907. The case was tried by a jury, but the court gave a peremptory instruction in favor of the defendants, and from a judgment entered upon a verdict in accordance with such instruction plaintiffs have appealed.

On May 10, 1899, the State of Texas recovered a judgment in the District Court of Hartley County against all persons owning or claiming any interest in the Jackson Davis fourteen-hundred-and-seventy-six-acre survey, for the taxes due the State and county for the years 1895 and 1896, with foreclosure of the tax lien and decreeing that an order of sale be issued to sell the property for the satisfaction of the judgment and costs of suit. By virtue of an order of sale issued on that judgment the sheriff of Hartley County sold the survey described in the judgment to defendant C. E. Oakes, executing to him a deed therefor, dated July 4, 1899. By deed dated October 25, 1905, C. E. Oakes sold to defendant W. W. Nunley the four hundred and seventy-six acres in controversy in this suit. Plaintiffs proved title in themselves sufficient to require a judgment in their favor unless defeated by the judgment and sale thereunder above noted.

At the time of the institution of the suit plaintiffs did not reside in Hartley County and were not in possession of the land and were never personally served with any notice of the institution of suit and had no knowledge of the judgment until long after it was rendered,

The judgment was rendered upon citation by publication and recited that the defendants were duly cited by publication.

The following facts were proved by plaintiffs upon the trial, to wit: The citation was not directed to the sheriff or any constable of Hartley County, and was not returned by any officer, but attached to the citation was an affidavit of the publisher of a newspaper published in Hartley County that the same had been duly published therein four weeks prior to the return day of the writ. The judgment provides that the order of sale shall have the force of a writ of possession. In the judgment the defendants are described as all persons owning or claiming any interest in the land; while in the order of sale the judgment is recited as having been rendered against the unknown owners of the land. The judgment was for the sum of $36.53 taxes, $5.81 interest, $1.25 cost, aggregating $43.59, and also for costs of suit. The order of sale recited that the judgment was for $42.34 and costs of suit. The Jackson Davis survey was by the District Court of Cooke County, Texas, on May 29, 1883, partitioned between several owners, different portions thereof being set off to the different owners. A copy of this decree of partition was filed and recorded in the deed records of Hartley County on June 27, 1888, and some of the owners of the several tracts paid taxes thereon in their own names.

Upon the facts thus proved the appellants contend that the judgment and sale by the sheriff thereunder should be declared of no force or effect. This was clearly a collateral attack upon the judgment, which could not be sustained in view of the recital in the judgment that the defendants had been duly cited by publication. (Crawford v. McDonald, 88 Texas, 626; Kenson v. Gage, 34 Texas Civ. App., 547; Scudder v. Cox, 35 Texas Civ. App., 416.) For a more extended discussion and authorities see our opinion rendered February 20, 1909, in cause No. 5925, Sallie A. Gibbs v. John A. Scales et al., 54 Texas Civ. App., 96.

On or about the 1st of January, 1900, defendant Blanton wrote Oakes a letter stating that he desired to redeem his interest in the survey. To this letter Oakes replied stating that he would be unwilling for a portion of the survey to be redeemed unless the entire survey was redeemed. Blanton did not make any tender of any amount at that time, nor did he offer in his pleadings or upon the trial of this suit to redeem his interest, and appellant Blanton's contention that Oakes wrongfully refused him permission to redeem his land must be overruled. (Sayles' Civil Statutes, article 5232n.) The amount paid by Oakes for the entire survey at the sale by the sheriff was one hundred and five dollars, the market value of the land being at that time at least fifty cents per acre, and appellants contend that on account of this gross inadequacy of consideration paid by Oakes, the sheriff's deed to Oakes should be declared null and void. This contention must also be overruled. (Rogers v. Moore, 100 Texas, 221; Eastham v. Hunter, 102 Texas, 145.)

Finding no error in the record, the judgment of the trial court is affirmed.

By the decree of partition rendered by the District Court of Cooke County May 29, 1885, a certified copy of which was duly recorded in the records of deeds of Hartley County June 27, 1888, as found in our opinion rendered on a former hearing, title to the land in controversy in this suit was decreed to appellants, and the evidence introduced upon the trial of this case showed that a good and perfect title to the land, subject to unpaid taxes due thereon, was vested in appellants at the time the tax foreclosure suit was instituted and at the time judgment was rendered therein. The foreclosure suit was instituted against the unknown owners of the Jackson Davis fourteen hundred and seventy-six acre survey, and the defendants were cited in accordance with the provisions of Sayles' Texas Civil Statutes, article 5232o. That survey was patented to the heirs of Jackson Davis, April 24, 1873, and this patent was duly filed and recorded in the deed records of Hartley County, February 12, 1894. Perry Davis inherited an undivided one-fifth interest in the survey and this interest was afterwards inherited from him by appellants Laura White and W. P. Davis. By deed duly recorded in Hartley County, June 26, 1908, Eliza McCullough, another heir of Jackson Davis, conveyed an undivided one-fifth interest in the survey then owned by her, to appellant E. A. Blanton, who by deed duly recorded in Hartley County, December 24, 1894, also purchased from appellants Laura White and W. P. Davis an undivided interest of seventy-five acres in the land theretofore awarded to them by the decree of partition above mentioned.

After further deliberation we are convinced that we erred in holding that upon the trial in the court below the judgment foreclosing the tax lien on the Jackson Davis survey was conclusive and binding upon appellants. In the case of Sellers v. Simpson, 115 S. W., 888, we held that a judgment foreclosing a tax lien against "unknown owners" of land was not binding upon parties who were in actual, visible possession of the land when such foreclosure suit was instituted and judgment rendered therein. The Supreme Court has denied a writ of error applied for by the losing party in that suit, thus apparently approving the decision on that point. Sayles' Texas Civil Statutes, article 4652a, reads as follows: "The record of any grant, deed or instrument of writing authorized or required to be recorded, which shall have been duly proved up or acknowledged for record and duly recorded in the proper county, shall be taken and held as notice to all persons of the existence of such grant, deed or instrument." If a person in actual, visible possession of land is not an "unknown owner" within the meaning of article 5232o, Sayles' Civil Statutes, and therefore can not be legally cited in the manner prescribed in that article, we can perceive no valid reason why the same should not be said in favor of an owner of land not in actual, visible possession, but whose deed, or the judgment vesting title in him, has been duly recorded and the record of which, by the terms of the statute above quoted, is notice to all persons of the existence of such deed or judgment.

In the case of Gibbs v. Scales, 54 Texas Civ. App., 96, there was no registration of the appellant's title at the time the tax foreclosure suit was instituted, as in this case; hence what we here say was not applicable in that case. For a more extended presentation of our views on the question here discussed, reference is made to the opinion by Chief Justice Conner, in Wren v. Scales, *ante*, page 62.

The evidence shows that C. E. Oakes by deed with covenants of warranty of title conveyed the land in controversy to W. W. Nunley, in consideration for which Nunley paid him six hundred and twenty-eight dollars and twelve cents in cash, and has since paid him about four hundred and fifty dollars, but the dates of last payments are not proven with certainty. Nunley is entitled to recover judgment over against Oakes with interest at the rate of six percent per annum on the respective amounts paid from the respective dates of payments, and as between them for cancellation of any purchase money note remaining unpaid. Upon the facts proved defendants are entitled to a submission to the jury, or a determination by the court, of the issues presented by their pleas of improvements in good faith. (Schleicher v. Gatlin, 85 Texas, 273; Netzorg v. Green, 26 Texas Civ. App., 119; Hart v. Hunter, 52 Texas Civ. App., 75.)

Appellant's motion for rehearing is therefore sustained, the judgment of the trial court is reversed, and judgment is here rendered in favor of appellants against appellees for the land described in appellants' petition filed in the trial court, the respective interests of appellants in the land being decreed to be as claimed by them in said petition; and the case is remanded for a determination of the issues of improvements in good faith by both defendants, and the amount due Nunley by Oakes by reason of the breach of his warranty of title as above indicated.

*Reversed and rendered in part and remanded in part.*