**DAVIS et ux. v. CAMPBELL–ROOT LUMBER CO.** (No. 6374.)

(Court of Civil Appeals of Texas. Austin. April 27, 1921. Rehearing Denied June 1, 1921.)

1. **Appeal and error ⚖➡1071(6) — Failure to embrace undisputed facts in findings harmless.**

Failure of trial court to expressly embrace undisputed facts in his findings, if error at all, was harmless.

2. **Fraudulent conveyances ⚖➡58—Intent to defraud not necessary.**

If a conveyance of land was voluntary and not upon a consideration deemed valuable in law and the grantors did not have other property within state subject to execution sufficient to pay the debt, the conveyance was void under the statute, whether or not it was the intent of the grantor to defraud.

3. **Fraudulent conveyances ⚖➡220—Immaterial that creditor's note was secured by chattel mortgage in action to set aside conveyance of land.**

In action upon promissory note for foreclosure of attachment lien upon land claimed to have been fraudulently conveyed, it was immaterial that the note sued upon was secured by chattel mortgages, in the absence of a showing that such mortgages gave any real security for the note or that anything was realized thereon.

4. **Husband and wife ⚖➡254—Property acquired from rents and revenues of wife's separate property constituted community.**

Property paid for in 1901 out of the rents and revenues of the separate property of wife in part, and joint earnings of herself and husband, and in part by her children by a prior marriage, constituted community.

5. **Husband and wife ⚖➡268(2)—Partition did not affect community property as against creditor.**

Whatever may have been the effect of a voluntary partition and division of community property among children, wherein husband was given a child's part for his share, and a child later acquired the land, as between the parties themselves, it could not have the effect to change the status of the property from community to separate as to creditors without notice.

6. **Fraudulent conveyances ⚖➡76(1)—$20 consideration held nominal.**

A consideration of love and affection and a sum of $20 for land conveyed was merely a nominal consideration which was not valuable in law as against a creditor, where it was grossly inadequate in proportion to the value of the land conveyed.

Appeal from District Court, Coryell County; J. H. Arnold, Judge.

Action by the Campbell-Root Lumber Company against C. F. Davis and wife. Judgment for plaintiff, and defendants appeal. Affirmed.

Mears & Watkins, of Gatesville, for appellants.

Clay McClellan, of Gatesville, for appellee.

### Findings of Fact.

BRADY, J. Appellee sued upon a promissory note and for foreclosure of an attachment lien upon certain land, which it was claimed was conveyed by C. F. Davis and his wife, M. A. Davis, the makers of the note, to Jas. C. Davis, in fraud of creditors. It was claimed that the deed to Jas. C. Davis was void as to plaintiff, and that Mrs. M. A. Davis was liable on the note because the debt was incurred for the benefit of her separate property. Judgment was rendered for the full amount of the note and for foreclosure of the attachment lien upon so much of the property as was found not to be homestead, but judgment was rendered in favor of Mrs.

M. A. Davis upon the finding that the property was community. The defenses are sufficiently indicated by the findings of the trial court.

We adopt the findings of fact made by the court below, which are as follows:

"(1) I find that the defendants, C. F. Davis and M. A. Davis, made, executed and delivered to plaintiff their certain promissory note in writing of the description and under the circumstances in all things as set out in plaintiff's original petition; that the note is dated the 25th day of November, 1916, is for the sum of $1,081.40, is due and payable on or before October 1, 1917, to the order of Campbell-Root Lumber Company, with interest thereon from date until paid at the rate of 10 per cent. per annum, and that the makers agree to pay 10 per cent. additional on the note and interest then owing as attorneys' fees if the note is placed in the hands of an attorney, or collected by suit, and that the note is signed by the defendants, C. F. Davis and M. A. Davis.

"(2) I find that the debt evidenced by the note was incurred during the years of 1908 and 1909 and long prior to the 24th day of April, 1913.

"(3) I find that C. F. Davis and M. A. Davis are husband and wife and have been living together as such for a period of 26 years previous to the filing of this suit.

"(4) I find that the debt evidenced by the note sued on was incurred for lumber and building material bought by the defendants, C. F. and M. A. Davis, from the plaintiff, Campbell-Root Lumber Company, for the purpose of improving that certain real estate described in the pleading, but that the real estate so improved did not constitute the separate property of the defendant M. A. Davis, and that the debt incurred by her was not incurred for necessaries for herself and family, or under such other circumstances as under the laws of this state would render her personally liable for the debt, she being a married woman at the time it was incurred.

"(5) I find that at the time of the marriage of the defendant C. F. Davis, with the defendant, M. A. Davis, she, the said M. A. Davis, then owned in her separate right about 120 acres of the M. Draper survey and 40 acres of the C. S. Thomas survey in Coryell county, Tex., and that said two defendants at once moved upon said land and have continuously since said time and do now use, occupy, and enjoy same as a part of their homestead.

"(6) I find that about the 26th day of November, 1901, by a deed of that date, recorded in volume 75, p. 164, the defendants, C. F. and M. A. Davis, acquired about 450 acres of land in Coryell county, Tex., fully described in paragraph 4, subdivision (a) of plaintiff's original petition; that the grantor in said deed was the Watkins Land Company, and the grantee Mrs. M. A. Davis, but that said deed does not contain any recitals that the conveyance was to the separate use and benefit of Mrs. M. A. Davis; that the conveyance was not in fact so made, but that the land was acquired after the marriage of C. F. and M. A. Davis with the community funds and became their community property.

"(7) I find that the lumber and building material for which the debt herein sued on was incurred was used in the erection of a residence and other improvements of a part of the 450 acres of land hereinabove last mentioned, and that since the erection of said improvements the defendants, C. F. and M. A. Davis, have resided upon said land and have used a part of same, including the residence and improvements just mentioned, in connection with the 160 acres more or less owned by M. A. Davis at the date of her marriage, as the home of the said C. F. Davis and M. A. Davis, and that their homestead was so constituted at the date of the conveyance of their son, Jim Davis, herein next mentioned.

"(8) I find that on the 24th day of April, 1913, by deed of that date not filed for record until January 25, 1918, defendants, C. F. Davis and M. A. Davis, conveyed to their son, Jim Davis, the 450 acres of land above mentioned, less 311 acres thereof theretofore conveyed to J. M. Gray and others by a deed dated January 29, 1913, recorded in volume 58, p. 447, Deed Records of Coryell County, Tex.; that the consideration upon which the conveyance to Jim Davis was made was recited in the deed to have been $20 cash in hand paid and the love and affection of the defendant, C. F. Davis and M. A. Davis, for their son, Jim Davis; that the payment of the $20 in cash was not the consideration inducing the conveyance to the said Jim Davis and was not considered in the agreement therefor, but was paid for the reason only that the attorney preparing the deed suggested the necessity for the payment of a sum of money in order to make the deed valid and binding; that at the time of the conveyance Jim Davis was a minor and had not been by his parents emancipated and given the right to have and use his own earnings; that at the time of the conveyance the land conveyed was of the reasonable market value of $15 per acre; that no consideration deemed valuable in law was paid for the conveyance, but it was a voluntary conveyance and a gift of the land conveyed from C. F. Davis and M. A. Davis to their son, Jim Davis.

"(9) That on April 24, 1913, the date of the conveyance to Jim Davis aforesaid, the defendant C. F. Davis was insolvent and owned no other property in this state subject to execution sufficient to satisfy his debts, and that plaintiff was at such time and had been long prior thereto a creditor of said C. F. Davis as evidenced by the debt herein sued on.

"(10) I find that this suit was filed on the 26th day of June, 1919, and that on this date writ of attachment was duly issued and was levied on all the lands hereinabove mentioned including the 139 acres conveyed to Jim Davis as aforesaid.

"(11) I find that previous to her marriage to the defendant C. F. Davis, M. A. Davis had been married to one Blackwell and had by him eight children, some of whom resided with the defendant M. A. Davis at and after the time of her marriage to C. F. Davis, upon the lands hereinabove mentioned as her separate property and found to be the homestead of the defendants C. F. Davis and M. A. Davis; that it is not disclosed by the evidence how many children resided with her at any particular time, but that some of the children were with the defendants, M. A. Davis and C. F. Davis, at the

time of the purchase of the lands from the Watkins Land Company, above mentioned, and contributed by their labor to the growing. and cultivating of the crops on the homestead of the said C. F. Davis and M. A. Davis, with the proceeds of which all of the deferred payments to the said Watkins Land Company, set out in the conveyance from them, was made. Nothing of the kind is pleaded, but defendants upon the trial hereof sought to establish that an interest in the land so acquired from the Watkins Land Company was recognized as vesting in the children of M. A. Davis, because they had contributed by their labor on the lands of Mrs. Davis to the payment of the Watkins notes; that after the conveyance from C. F. Davis and M. A. Davis to J. M. Gray and others of the 311 acres of land, above mentioned, the proceeds of said sale was divided among C. F. Davis, M. A. Davis, and said children in some manner expressed by the defendants C. F. Davis and M. A. Davis, as intended to satisfy the claim of the children and the claim of C. F. Davis, and to give M. A. Davis the remainder of the land acquired from the Watkins Land Company, which was afterwards conveyed to Jim Davis as her interest. I find the fact to be that whatever sort of distribution was attempted to be made, it was at most but the consummation of a desire on the part of Mrs. Davis to give her children the money because they had worked for her and Mr. Davis, and in this manner had helped them to pay for the land, and did not change the status of the title to the property.

"(12) I find that plaintiff had no notice actual or constructive as to the condition of the property rights of C. F. Davis, M. A. Davis, Jim Davis, and the children of M. A. Davis by her previous marriage, except that conveyed by the records of this county, and at the time its debt was incurred and at the time of all the conveyances aforesaid, and at the time of the levy of this attachment did not know and was not charged with the knowledge that the lands conveyed to Jim Davis were other than the community property of C. F. Davis and M. A. Davis as on their face and by the record they appeared to be.

"(13) I find that no damage has accrued to the defendants in any of the particulars alleged by them in their cross-actions herein."

The trial court also filed the following conclusions of law:

"1. I conclude that plaintiff is entitled to recover of the defendant C. F. Davis the amount of its debt herein, to wit, $1,496.83, with interest at the rate of 10 per cent. per annum from the 25th day of June, 1919, and all costs of suit.

"2. I conclude that the debt sued on is not such a debt as under the law Mrs. Davis, while a married woman, was permitted to make and that she is not bound thereby.

"3. I conclude that the 450 acres of land aforesaid, including that conveyed to Jim Davis by C. F. Davis and M. A. Davis, was acquired during coverture with community funds, and though standing in the name of M. A. Davis, became and was the community property of C. F. and M. A. Davis until the date of their conveyance of same.

"4. I conclude that the homestead of defendants, C. F. Davis and M. A. Davis, had been at all times herein mentioned the 160 acres owned by M. A. Davis when she married C. F. Davis, and that on the 24th day of April, 1913, it included, also, the resident and contiguous land to the extent of about 40 acres out of the land and premises conveyed to Jim Davis on that date so that the whole of the lands used for homestead purposes would be 200 acres.

"5. I conclude that the conveyance to Jim Davis was voluntary and was a gift; that at the time plaintiff was a creditor of C. F. Davis; that at the time C. F. Davis was insolvent and owned no other property in this state subject to execution sufficient to satisfy his debts; and that as to plaintiff the conveyance to Jim Davis was therefore void, except as to that part of the land conveyed used by C. F. and M. A. Davis for homestead purposes, being the 40 acres of land more or less last above mentioned.

"6. I conclude that as between all the parties the conveyance to Jim Davis of said 40 acres more or less used for homestead purposes was valid and binding, and he is entitled to recover the title and possession of same.

"7. I conclude that as to the 139 acres of land more or less conveyed to Jim Davis by C. F. Davis and M. A. Davis on the 24th day of April, 1913, less the 40 acres more or less dedicated to homestead purposes, plaintiff is entitled to a foreclosure of its attachment lien as the same existed on the 26th day of June, 1919, for the payment of its debt sued on herein.

"8. I conclude that the defendants should recover nothing on their cross-actions herein."

### Opinion.

[1-3] Appellant complains that the trial court did not include in his findings of fact that the note sued on was secured by a chattel mortgage on 50 acres of cotton and cotton seed, and that the note of which it was a renewal was also secured by a mortgage on a grain crop. Granting that these facts were ultimate facts and not mere evidentiary ones, they are undisputed in the record. Under our view of the law, the failure of the trial court to expressly embrace these facts in his findings, if error at all, was harmless. It was not shown that such mortgages gave any real security for the note, or that anything was realized thereon. In these circumstances, it is immaterial that the note was secured by chattel mortgages. In so far as it is suggested that they negative any intent on the part of appellant to defraud appellee, it may be answered that the question does not depend upon the intent. If the conveyance was voluntary and not upon a consideration deemed valuable in law, and the grantors did not have other property within the state subject to execution sufficient to pay the debt, the conveyance was void under the statute. Neither do we see any of the elements of estoppel in the pleadings or the evidence, nor any waiver by appellee of its right. Therefore we overrule the assignment raising these questions.

[4, 5] It is next urged by appellant that the court erred in the eleventh paragraph of the findings of fact, wherein it was found that

the property in controversy was the community property of C. F. and M. A. Davis, because of the partition and division made by them and their children several months before the conveyance to their son, Jas. C. Davis. We have carefully read the testimony upon this issue, and we think the proof was entirely inadequate to show any interest of Mrs. M. A. Davis, as her separate estate, in the property foreclosed upon. The property seems to have been paid for out of the rents and revenues of the separate property of Mrs. Davis, in part, and the joint earnings of herself and husband, and, in part, by her children by a prior marriage. Under the law as it existed at the time this property was acquired and paid for, the rents and revenues from the wife's separate property constituted community. The joint labor and earnings of herself and husband were also such, and the payment by the children of a part of the purchase money did not, under the evidence, create any separate interest in Mrs. Davis. Whatever may have been the effect of the voluntary partition and division among the children, wherein Mr. Davis was given a "child's part" for his share, and Jas. C. Davis later acquired the land in controversy, as between the parties themselves, it could not have the effect to change the status of the property from community to separate as to creditors. Appellee was, at the date of such partition and of the conveyance to Jas. C. Davis, a creditor of C. F. Davis, and had no knowledge or notice of the partition and of the deed to Jas. C. Davis until after it was placed of record several years subsequently. For these reasons, we conclude that the trial court did not err in finding that the property was community.

[6] Although perhaps not properly raised under the assignment, appellant urges the proposition that the conveyance to Jas. C. Davis was upon a consideration deemed valuable in law, and was therefore not a gift or voluntary conveyance within the purview of the statute. This is especially urged because the deed was made for love and affection and for the sum of $20, which was actually paid in cash by the grantee. The evidence fully supports the trial court's findings on this issue. It is undisputed that the question of a cash payment, or any payment at all, did not enter into the discussion of the conveyance, until an attorney suggested the payment of $1 to make it binding. Thereupon Jas. C. Davis stated that if it took $1 to make the deed good, $20 would make it better, and it was for this reason the latter amount was recited and was actually paid. In view of the gross inadequacy of this price in proportion to the value of the land conveyed, we think it was but a nominal consideration. The consideration recited and inducing the conveyance were not such as are deemed valuable in law as to a creditor, and the conveyance was void under the statute.

All assignments have been given careful consideration and are overruled. The judgment is affirmed.

Affirmed.