## GOOLSBY v. MANNING et ux. (No. 171.)

(Court of Civil Appeals of Texas. Waco. March 5, 1925.)

**1. Evidence ⚖═318(1)—Charter and affidavits attached held inadmissible to prove holder of note director and stockholder, and therefore chargeable with fraud inducing its giving.**

Admission of portion of charter and affidavits attached thereto to prove that holder of note was director and stockholder of payee corporation, and therefore chargeable with knowledge of fraud inducing its giving, *held* improper, in view of showing that holder never owned stock, and his testimony that name was mentioned in application for charter as director without his knowledge and that he never consented to serve or did actually serve as director.

**2. Trial ⚖═207—Refusal to limit evidence of misrepresentation by another, in absence of holder of note, held erroneous.**

In action on note by holder against maker thereof, court's refusal to limit consideration of testimony of fraudulent statements inducing its giving, which were made in absence of holder, *held* erroneous.

**3. Bills and notes ⚖═337—Instruction on notice of defect of title to note held misstatement in view of Negotiable Instruments Act.**

Instruction as to notice of defects of title to note, requiring jury to find whether holder knew any facts which would, under all circumstances, have prompted ordinarily prudent person to make further inquiry or inquiry as to maker's liability, *held* erroneous, in view of constituents of notice of infirmity in a note as set out in Negotiable Instruments Act (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—56).

**4. Fraudulent conveyances ⚖═95(1)—Conveyance of valuable land to wife for $10 paid held void as against creditors.**

Conveyance to wife of lands which grantor testified were worth $8,000 to $12,000, for consideration of $10 paid and love and affection, *held*, under Rev. St. arts. 3966, 3967, void as against creditors.

**5. Bills and notes ⚖═32 — Note payable to payee, known by maker to be fictitious, is payable to bearer.**

Note payable to fictitious payee is payable to bearer, if maker knew payee to be fictitious.

**6. Bills and notes ⚖═537(1)—Whether payee of note was corporation partnership, or fictitious person, known by maker to be such, is question of fact.**

Whether payee of note was corporation, partnership, or fictitious person, and, if fictitious, whether maker knew that fact, *held* question of fact.

**7. Bills and notes ⚖═537(5)—Whether indorsement was made by payee or by one acting with actual or apparent authority is question of fact.**

Whether indorsement on note was made by payee, or by one acting with actual or apparent authority of payee, *held* question of fact.

**8. Bills and notes ⚖═537(6)—Whether person is holder of note in due course held question of fact.**

Whether person is holder of note in due course under Negotiable Instruments Act (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—52) is question of fact.

**9. Estoppel ⚖═92(3)—Maker estopped to repudiate sale of note where he knowingly distributes funds therefrom.**

Maker of note *held* estopped to repudiate sale by payee corporation, where funds received from sale were paid out by maker with knowledge of their identity.

**10. Bills and notes ⚖═375—Suit on note not defeated by fact note given for corporate stock.**

If holder of note is innocent purchaser for value, payment of same cannot be defeated because it was given for stock in corporation.

**11. Bills and notes ⚖═375—Suit on note by innocent purchaser not defeated by fact note given for stock in corporation to be organized.**

If holder of note is innocent purchaser for value, payment of note cannot be defeated by fact that it is given as subscription for stock in corporation which was to be organized in future.

Appeal from District Court, Limestone County; A. M. Blackmon, Judge.

Suit by Z. T. Goolsby against O. Y. Manning and wife. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

White & White and A. B. Rennolds, all of Mexia, and C. S. & J. E. Bradley, of Groesbeck, for appellant.

Keys & Mason, of Mexia, for appellees.

BARCUS, J. This suit was filed by appellant against O. Y. Manning, to recover on a note executed by Manning on June 19, 1922, for $2,500, payable September 19, 1922, to the Mexia Citrus Fruit Growers' Association. Appellant alleged he purchased the note before maturity for value. Appellant further alleged that O. Y. Manning, for the purpose of defrauding his creditors and defeating the note sued on, had, without consideration, transferred all of his property to his wife. Appellant procured the issuance of an attachment, which was levied on part of the real estate which Manning had transferred to his wife, and asked for a foreclosure of the lien against both Manning and his wife.

Appellees answered by general denial, and

---

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

further alleged that the note sued on was void and nonenforceable because it was given for the purchase of stock in the Mexia Citrus Fruit Growers' Association, a corporation, and that the note was obtained by fraud and false representations made to the appellee Manning by G. W. Wentz, promoter and president of said corporation, and alleged that appellant was a director in the corporation and was charged by law with knowledge of the illegality of the note and of the fraud that was practiced on him by G. W. Wentz.

The cause was submitted to a jury on special issues, and the jury found that appellant did not purchase and pay for the note. The jury further found that when appellant did purchase the note, he was a director, stockholder, or interested in the Mexia Citrus Fruit Growers' Association, and that G. W. Wentz did not have authority to sell the note; and that when appellant purchased the note he was in possession of such facts as would have prompted an ordinarily prudent person to make further inquiries with reference thereto; and the jury found the deed from Manning to his wife was not made to hinder, delay, or defraud his creditors. Based on the verdict, the trial court entered judgment that appellant take nothing.

[1] Appellees, over the objection of appellant, were permitted to read in evidence that portion of the charter of the Mexia Citrus Fruit Growers' Association, together with the affidavits attached thereto, made by Wentz, Smith, and Berry, which stated that appellant was one of the directors who had been selected to serve for the first year, and that the appellant was a stockholder, together with that portion of the affidavits of said parties attached to the charter which stated that appellant had subscribed and paid for $1,000 of stock. Appellant objected to said testimony because the same was an ex parte statement, done independently of him and without his knowledge or consent, and because same was hearsay. Article 1121 of the Revised Statutes of Texas requires the application for a charter to show the names of the directors who will serve until the first meeting of the stockholders, and it must also show the amount of the capital stock and the par value. There is nothing in the statute which requires a director of a corporation to be a stockholder. It was shown that appellant never owned stock in the corporation. Appellant testified he did not know his name was mentioned in the application for a charter as a director; that he never gave his consent to serve as a director; and the evidence shows that appellant never acted or served as a director of the company or met with any of the directors or stockholders thereof, or had anything to do with the company. Under some conditions, the charter of a corporation, issued by the state, is prima

facie evidence that the persons named therein were stockholders in the corporation at the commencement of its existence. Guilbert v. Kessinger, 173 Mo. App. 680, 160 S. W. (Mo.) 17; 2 Thompson on Corporations, par. 1936; Fletcher on Corporations, vol. 2, p. 1252. Mere declarations, however, or representations by the officers or promoters of a corporation, are not admissible against third parties, nor can subscription to the capital stock be proven by a certified copy of the charter filed with the secretary of state, where the law does not require the names of the stockholders to appear in the charter. Fletcher on Corporations, vol. 2, p. 1253; Hinsdale Savings Bank v. New Hampshire Bank Co., 59 Kan. 716, 54 P. 1051; Thompson on Corporations, vol. 2, p. 1466; Steed v. Henry, 120 Ark. 583, 180 S. W. 508. It is elementary law that a person is not affected or bound by the words or actions of one with whom he is in no way connected and who has no right to speak for him or bind him. 22 C. J. p. 741. The affidavits attached to the application for a charter are ex parte statements and cannot in any way bind appellant, who was not a party thereto and had no knowledge thereof. The trial court should not have admitted said testimony.

[2] Appellee testified to a great many statements made to him by G. W. Wentz, the promoter of the Mexia Citrus Fruit Growers' Association, showing that Wentz had grossly misrepresented all the facts with reference to said company. Appellant requested the court to give the jury the following special charge:

"In considering this case, you are instructed that all the testimony introduced in evidence of matters and things which took place in the absence of plaintiff, as well as the contents of the copy of the charter of the Mexia Citrus Fruit Growers' Association, which was read in evidence, was submitted to you for the purpose and can only be used by you in passing upon the question of whether or not there was any fraudulent misrepresentations on the part of G. W. Wentz in procuring the note in question, and cannot be used for any other purpose."

The court refused to give said charge, and appellant assigns error. We sustain this assignment. The statements may by Wentz to appellee in the absence of appellant were not admissible against appellant and were not binding on him, and the court should have, at the request of appellant, limited said testimony. Missouri Pacific Railway Co. v. Johnson, 72 Tex. 95, 10 S. W. 325; Bell v. M., K. & T. Ry. Co., 82 S. W. 1073; Bekkeland v. Lyons, 96 Tex. 255, 72 S. W. 56, 64 L. R. A. 474.

[3] The trial court submitted question No. 6, as follows:

"Had the plaintiff, at the time of the purchase of said note in question, any information or knowledge of any fact or facts which

would, under all the existing facts and circumstances, have prompted an ordinarily prudent person to make further inquiry or inquiry as to defendant's liability upon said note or as to any defense that he might have against liability thereon?"

To which the jury answered, "Yes." Appellant objected to said special issue because the question was immaterial, and because same is based upon a misapprehension and misstatement of the law. Appellant requested the court to submit said issue, if at all, in the following language:

"Did the plaintiff, at the time of the purchase of said note in question, have actual knowledge of any infirmity or defect in said note, or did he have knowledge of such facts that his action in taking the instrument amounted to bad faith?"

The court overruled appellant's objection, and he assigns error, and we sustain same. The issue as submitted was a misstatement of the law. In order to constitute notice of an infirmity in a note which will defeat its payment, a person at the time he purchases same must have actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith. Article 6001—56, Vernon's Statutes, 1922; Hamilton-Turner Gro. Co. v. Hander (Tex. Civ. App.) 253 S. W. 833; Forster v. Enid, O. & W. Ry. Co. (Tex. Civ. App.) 176 S. W. 788.

[4] Appellant contends that the answer of the jury that the deed from Manning to his wife was not made to hinder, delay, or defraud creditors is both contrary to and unsupported by the testimony. We sustain this assignment. Mrs. Manning did not testify. The deed from Manning to his wife was dated July 7, 1922, and conveys all his property for a recited consideration of $10 paid and love and affection. Manning testified that the property was worth from $8,000 to $12,-000. He testified that his wife actually paid him the $10. We do not think a consideration of $10 paid by a man's wife constitutes a valid consideration for land worth from $8,000 to $12,000, and a transfer by the husband to his wife of said amount of property for said consideration is, under the statutes, void and does not pass title as against his creditors. Revised Statutes, arts. 3966 and 3967; Davis v. Campbell-Root Lumber Co. (Tex. Civ. App.) 231 S. W. 167; Parks v. Worthington, 101 Tex. 505, 109 S. W. 909; Rutherford v. Carr, 99 Tex. 101, 87 S. W. 815; Nichols-Steuart. v. Crosby, 87 Tex. 443, 29 S. W. 380; Eastham v. Hunter, 102 Tex. 145, 114 S. W. 97, 132 Am. St. Rep. 854; 27 C. J., p. 528.

[5-7] Appellant objected to the trial court submitting any issue to the jury and requested the court to give a peremptory instruction to find for him for the amount due on the note, claiming there had been no disputed is-

sues joined by the testimony. We overrule this assignment. The testimony shows that the note in controversy was executed June 19, 1922, and was payable to the Mexia Citrus Fruit Growers' Association, and was on July 24, 1922, sold to appellant by G. W. Wentz. The charter of the company was dated June 17, 1922, and was filed with the secretary of state July 26, 1922. Where a note is payable to a fictitious person, it is, in law, payable to bearer; but where a note is made payable to a fictitious person without the knowledge of the maker, same is not payable to bearer. Guaranty State Bank & Trust Co. v. Lively, 108 Tex. 393, 194 S. W. 937, L. R. A. 1917E, 673. The existence of a corporation dates from the time the charter is filed with the secretary of state. R. S. art. 1132; National Bank v. Texas Investment Co., 74 Tex. 421, 12 S. W. 101; Bank v. Reed, 50 Tex. Civ. App. 102, 109 S. W. 256. It is a question of fact whether the payee in the note was a corporation, a partnership, or a fictitious person; and, if fictitious, whether appellee knew that fact. In order for a person to be a holder of a negotiable instrument for value, it is necessary for same to be properly indorsed by the payee, and it is a question of fact whether the indorsement was made by the payee or by one acting with actual or apparent authority of the payee. Under section 19 of the Negotiable Instruments Act, the signature of any party may be made by a duly authorized agent. Whether a note has been properly assigned is a question of fact. Reynolds v. Gregg (Tex. Civ. App.) 258 S. W. 1088.

[8-11] Where a person takes a note that is complete and regular on its face, in good faith, and for value before maturity, without any notice of any infirmity in the instrument or defect in the title of the person negotiating same, he is a holder in due course. Article 6001—52, Vernon's Ann. Civ. St. Supp. 1922 (Negotiable Instruments Act); McCamant v. McCamant (Tex. Civ. App.) 187 S. W. 1096; Security Bank v. Foster (Tex. Civ. App.) 249 S. W. 233. And whether a person is a holder of a note in due course is a fact to be determined by the jury. Hamburg v. Wood, 66 Tex. 168, 18 S. W. 623; Forster v. Enid, O. & W. Ry. Co. (Tex. Civ. App.) 176 S. W. 788. The appellant alleged, and there was evidence to support same, that the proceeds of the note were paid into the treasury of the Mexia Citrus Fruit Growers' Association, and same were paid out by appellee, with knowledge that the funds had been obtained from a sale of said note, and appellant requested the court to submit said issue to the jury. The court should have submitted same. If the appellee handled the funds obtained from the sale of the note and distributed same with knowledge of the fact that said funds had been obtained by the sale of the note, he would be estopped from repudiating the sale or denying the authority

of the party who sold the note. Howard v. Kincaid, 54 Okl. 271, 156 P. 628. Where an individual or a corporation accepts the benefits of the acts of another party, they are bound by said acts, whether the party had authority to perform the acts or not. If appellant is an innocent purchaser for value, the payment of same cannot be defeated because it was given for stock in a corporation. Washer v. Smyer, 109 Tex. 398, 211 S. W. 985, 4 A. L. R. 1320. Neither could its payment be defeated because it was given for subscription for stock in a corporation which was to be organized in the future. Zapp v. Spreckels (Tex. Civ. App.) 204 S. W. 786.

For the errors indicated, the judgment of the trial court is reversed and the cause remanded.