KELLEY et al. v. STUBBLEFIELD et al.

No. 3828.

Court of Civil Appeals of Texas. Texarkana.

Feb. 27, 1930.

Tom L. Beauchamp, of Paris, for appellants.
Hutchison & Fisher, of Paris, for appellees.

LEVY, J. (after stating the case as above).

The assignments of error in behalf of Mrs. Kelley present, in effect, the points in view that she was entitled to relief and protection by injunction because she was proven to be the true legal owner of the land as her separate property under a valid deed duly delivered before the time of the levy of the attachment. The trial court denied the injunction upon findings of fact, in effect, that there had been no delivery of the deed to Mrs. Kelley until after the levy of the attachment. writ upon the land, and the deed was legally fraudulent as against existing creditors. It is believed that circumstances proven sufficiently justified the conclusions of fact reached by the trial court, and that this court would not be warranted in holding otherwise

as a matter of pure law. Evidently there was a delivery and acceptance of the deed on May 10, 1927, the day of its registration, which was after the date of the levy of the attachment; but prior to this date the circumstances are of such a nature as not to indubitably establish an intention to deliver the deed. The trial court was not bound to look alone to the evidence of Mr. Kelley. Brannon v. Bank (Tex. Civ. App.) 211 S. W. 945.

 But conceding the fact to be that there had been a delivery and acceptance of the deed before the date of the attachment, yet Mrs. Kelley may not be regarded as being entitled to protection and relief by injunction, in view of the evidence that the deed was a voluntary conveyance made by an insolvent to his wife for the consideration of "love and affection." Such facts would make the conveyance void under the statute. Article 3997, R. S. The validity of the conveyance, as against existing creditors, is made to depend upon its being "upon a consideration deemed valuable in law." The consideration of "love and affection" does not meet the demands of the statute. Davis v. Campbell-Root Lbr. Co. (Tex. Civ. App.) 231 S. W. 167; Goolsby v. Manning (Tex. Civ. App.) 270 S. W. 936.

The trial court was authorized to find as a fact that A. G. Kelley was not possessed of property sufficient to pay his existing debts at the time of the conveyance. According to the evidence in behalf of the bank, it was not within Mr. Kelley's reasonable ability to pay, based upon the amount of his available property, his indebtedness to the bank. The pecuniary circumstances of Mr. Kelley, his occupation, liabilities and obligations, absolute and contingent, and his resources and means of meeting and settling his obligations, would go to show that he was not solvent at the time of making the deed. The settled rule in this state is that at the time of the conveyance the debtor must have ample property within reach of creditors to pay his debts to them. Dosche v. Nette, 81 Tex. 265, 16 S. W. 1013; Maddox v. Summerlin, 92 Tex. 483, 49 S. W. 1033, 50 S. W. 567; First State Bank & Trust Co. v. Walker (Tex. Civ. App.) 187 S. W. 724. Every debt or claim that can be enforced in the courts can be taken into consideration in determining insolvency. Dodson v. Kennedy (Tex. Civ. App.) 247 S. W. 310. This would include the judgment for $225 offered in evidence, for a judgment is nevertheless a debt, although dormant for lack of issuance of execution.

The second point urged is that the writ issued and commanding the sale of the land was void and should have been set aside because it was not, as required by article 3783, R. S., in conformity to the judgment on which it was issued. This point is considered in the light of the conclusion that the deed to Mrs. Kelley was void. The judgment on which the writ was issued recited, as provided by article 301, R. S., that there was "the issuance and levy of the writ of attachment on the land" specifically described. It did not, as stated in the writ in question, direct a "foreclosure of the attachment lien," and did not order that "the property be sold as under execution in satisfaction of said judgment." It is believed that the trial court has correctly decided the point presented for review. The appellants do not claim that the judgment is void and unenforceable through legal process. The judgment on which the writ is founded is not void, but is in legal form and valid; and a legal writ could properly issue thereon authorizing it to be enforced. Therefore relief by injunction may not be granted to appellants against any sale at all of the land. In the premises the only relief the court could grant would be merely to vacate or quash the particular writ because of a material variance between it and the judgment; and in this case the trial court was without authority, as he properly concluded, to grant such relief, because an application merely to restrain or quash the writ was required to be presented to the county court whence it issued. One court of record may not entertain an application merely to set aside or quash the process or writ of another court of record. Article 4656, R. S.; 1 Freeman on Execution (3d Ed.) § 75, p. 290; Godfrey v. Lackey (Tex. Civ. App.) 129 S. W. 1145; Matthews v. Eyres (Tex. Civ. App.) 206 S. W. 963; Landa Cotton Oil Co. v. Watkins (Tex. Civ. App.) 255 S. W. 775.

The judgment is affirmed.